UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ESTRADA,<br><br>    Plaintiff,<br><br>    v.<br><br>TERESA MACIS, et al.,<br><br>    Defendants. | Case No.: 1:15-cv-001292-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND AS UNNECESSARY, DENYING MOTION TO SEAL AMENDED COMPLAINT, AND DIRECTING CLERK OF COURT TO RETURN AMENDED COMPLAINT LODGED ON OCTOBER 5, 2015, TO PLAINTIFF<br><br>[ECF Nos. 9, 10, 11] |

    Plaintiff David Estrada is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

    Plaintiff filed the instant action on August 21, 2015.

    On October 5, 2015, Plaintiff filed a motion to amend the complaint, along with a copy of the amended complaint which was lodged by the Court.  (ECF Nos. 10, 11.)

    Plaintiff is advised that at this stage in the proceedings, Plaintiff has the right to amend once as a matter of course.  Fed. R. Civ. P. 15(a).  Accordingly, Plaintiff's motion to amend is HEREBY DENIED as unnecessary, and Plaintiff may file his amended complaint without leave of court.

    With regard to Plaintiff's motion to seal the amended complaint, it must be denied.  Local Rule 141.1(a)(1) states that "[a]ll information provided to the Court in a specific action is presumptively public, but may be sealed in conformance with Local Rule 141.  Confidential information exchanged through discovery, contained in documents to be filed in an action, or presented at a hearing or trial

otherwise may be protected by seeking a protective order as described herein." Local Rule 141(b) states that a "Notice of Request to Seal Documents" shall be presented to the court for determination, setting forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information. If the request to seal is denied, the Clerk of Court shall return the documents for which sealing has been denied. Local Rule 141(e)(1).

Courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and documents." Nixon Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the historical right of access and the public policies favoring disclosure. Id. at 1178-1179.

In the instant case, Plaintiff fails to set forth a valid reason for sealing the amended complaint. Plaintiff cannot protect the identity of Defendants named in the complaint because if Plaintiff states a cognizable claim against such individuals, service of the complaint is necessary for the case to proceed. Furthermore, Plaintiff did not attach any medical documents to substantiate his claim that confidential medical information is disclosed in the complaint. Accordingly, Plaintiff's motion to seal the amended complaint shall be DENIED, and the Court will return the amended complaint to Plaintiff. See Local Rule 141(e)(1) (If a Request [to seal] is denied in full or in part, the Clerk will return to the submitting party the documents for which sealing has been denied.)

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to file an amended complaint is DENIED as unnecessary;

2. Plaintiff's motion to file the amended complaint under seal is DENIED; and

///

///

///

3. The Clerk of Court is directed to return the amended complaint to Plaintiff pursuant to Local Rule 141(e)(1).

IT IS SO ORDERED.

Dated: __**October 19, 2015**__

_____
UNITED STATES MAGISTRATE JUDGE