UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ESTRADA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TERESA MACIS, et al.,<br><br>　　　　　Defendants. | Case No.: 1:15-cv-001292-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR JOINDER<br><br>[ECF No. 24] |

　　　　Plaintiff David Estrada is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Plaintiff's motion for joinder, filed April 8, 2016. Plaintiff seeks to join claims with case number 1:15-cv-1335 EPG <u>David Estrada v. Macias, et.al.</u>, which is pending statutory screening review under 28 U.S.C. § 1915A. Plaintiff contends that with respect to Defendant Dr. J. Wang he "will show that various failures to provide him treatment were part of the same series of transactions or occurrences as required by Rule 20(a)." (ECF No. 24, Mot. at 1-2.)

　　　　Federal Rule of Civil Procedure 20 governs permissive joinder, and identifies two prerequisites for the joinder of defendants: (1) a right to relief must be asserted against the defendants jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all defendants will arise. Fed. R. Civ. P. 20(a). District courts retain broad discretion in applying Rule 20. <u>See</u>

1  Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296-1297 (9th Cir. 2000) (whether severance is
2  appropriate under Rule 20 lies within the sound discretion of the trial court); <u>Desert Empire Bank v.
3  Insurance Co. of North America</u>, 623 F.2d 1371, 1375 (9th Cir. 1980) (even if the requirements of
4  Rule 20 are satisfied, courts must examine other relevant factors to determine whether permissive
5  joinder will comport with principles of fundamental fairness).

6      At this juncture there is no basis to join this action with case number 1:15-cv-1335 EPG <u>David
7  Estrada v. Macias, et.al.</u>, as Plaintiff fails to make any showing that trying Plaintiff's claims together
8  will produce a common answer to the crucial issues presented in the instant action.  Accordingly,
9  Plaintiff's motion for joinder is DENIED, without prejudice.

11  IT IS SO ORDERED.

12  Dated:   **May 5, 2016**
13                                                      UNITED STATES MAGISTRATE JUDGE

2