UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ESTRADA,<br><br>    Plaintiff,<br><br>    v.<br><br>TERESA MACIS, et al.,<br><br>    Defendants. | Case No.: 1:15-cv-01292-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AS MOOT<br><br>[ECF No. 44] |

Plaintiff David Estrada is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel, filed July 11, 2016. Defendants filed an opposition on July 27, 2016. Plaintiff did not file a reply, and therefore the motion is deemed submitted for review without oral argument. Local Rule 230(l).

**I.**

**DISCUSSION**

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 34, Discovery and Scheduling Order, ¶4. However, this

1

1 is a civil action to which the Federal Rules of Civil Procedure apply.  The discovery process is subject 2 to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be 3 condoned.  <u>Asea, Inc. v. Southern Pac. Transp. Co.</u>, 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation 4 marks and citation omitted).  "Parties may obtain discovery regarding any nonprivileged matter that is 5 relevant to any party's claim or defense and proportional to the needs of the case, considering the 6 importance of the issues at stake in the action, the amount in controversy, the parties' relative access to 7 relevant information, the parties' resources, the importance of the discovery in resolving the issues, 8 and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed R. 9 Civ. P. 26(b)(1).

10       Generally, if the responding party objects to a discovery request, the party moving to compel 11 bears the burden of demonstrating why the objections are not justified.  <u>Grabek v. Dickinson</u>, No. CIV 12 S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); <u>Womack</u>, 2011 WL 6703958, at 13 *3; <u>Mitchell v. Felker</u>, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); <u>Ellis 14 v. Cambra</u>, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). 15 This requires the moving party to inform the Court which discovery requests are the subject of the 16 motion to compel, and, for each disputed response, why the information sought is relevant and why 17 the responding party's objections are not meritorious.  <u>Grabek</u>, 2012 WL 113799, at *1; <u>Womack</u>, 18 2011 WL 6703958, at *3; <u>Mitchell</u>, 2010 WL 3835765, at *2; <u>Ellis</u>, 2008 WL 860523, at *4.

19       Pursuant to the discovery and scheduling order, the deadline for discovery does not expire until 20 January 4, 2017.  (ECF No. 34.)  Plaintiff submits that on May 18, 2016, he served Defendant Brad 21 Vikjord with a request for production of documents, set one.  Defendant's response was due on or 22 before July 5, 2016.  On June 12, 2016, Plaintiff sent a meet and confer letter to defense counsel 23 requesting a telephone conference to discuss expert witnesses for medical evaluations of Plaintiff, 24 witness depositions, along with written interrogatories to non-Defendants.  On June 29, 2016, defense 25 counsel sent Plaintiff a meet a confer letter scheduled for the week of July 11, 2016.  Plaintiff also 26 received Defendant's first request for an extension of time to respond to Plaintiff's discovery, dated 27 June 29, 2016.  Plaintiff contends that he should have been provided fourteen day notice in advance of 28 Defendant's request for an extension of time to respond to discovery requests. Plaintiff claims that

Defendant Vikjord is intentionally delaying Plaintiff from conducting discovery because without his responses to discovery Plaintiff will be unable to further investigate his case.

Plaintiff's motion to compel must be denied. On July 7, 2016, on the basis of good cause, the Court granted Defendants' to extend the time to August 15, 2016, to respond to Plaintiff's pending discovery requests. (ECF No. 43.) Plaintiff's motion to compel is moot, in light of the fact that the Court granted Defendants until August 15, 2016, to provide responses to Plaintiff's discovery. (Id.) Furthermore, Defendants are not required by the Federal Rules of Civil Procedure or this Court's local rules to provide advance notice of their court filings.

## II.

## ORDER

Based on the foregoing, Plaintiff's motion to compel, filed July 11, 2016, is DENIED as MOOT.

IT IS SO ORDERED.

Dated:  **August 12, 2016**

UNITED STATES MAGISTRATE JUDGE