UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ESTRADA,<br><br>        Plaintiff,<br><br>    v.<br><br>TERESA MACIS, et al.,<br><br>        Defendants. | Case No.: 1:15-cv-01292-AWI-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER, STAYING MERITS-BASED DISCOVERY UNTIL AFTER RESOLUTION OF PENDING MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION TO STAY RULING ON DEFENDANTS' EXHAUSTION MOTION, GRANTING DEFENDANTS' REQUEST TO EXTEND TIME TO RESPOND TO PLAINTIFF'S MOTIONS TO COMPEL, AND GRANTING PLAINTIFF THIRTY DAYS TO FILE AN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>[ECF Nos. 53, 57, 63] |

Plaintiff David Estrada is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants motion for a protective order staying discovery, filed August 10, 2016. (ECF No. 53.)

**I.**

**PROCEDURAL HISTORY**

This action is proceeding against Defendants Doctor Wang, Vickjord, Whitford, Lau, Garnett and Flores for deliberate indifference to a serious medical need.

///

On April 12, 2016, Defendants filed an answer to the complaint, along with a separate motion for judgment on the pleadings. (ECF Nos. 25, 26.) On May 4, 2016, the Court issued a discovery and scheduling order.[1] (ECF No. 34.)

On August 10, 2016, Defendants filed a motion for a protective order staying discovery. (ECF No. 53.)

On August 19, 2016, Defendants filed a motion for summary judgment for Plaintiff's failure to exhaust the administrative remedies. (ECF No. 55.)

On August 22, 2016, Plaintiff filed a motion to compel responses to several discovery requests because Defendants have not yet responded and he believes defense counsel is delaying the receipt of the responses. (ECF No. 56.) On this same date, Plaintiff also filed a motion to stay ruling on Defendants' exhausted relation motion for summary judgment until Defendants have responded to Plaintiff's discovery requests. (ECF No. 57.)

On August 25, 2016, Plaintiff filed another motion to compel, seeking Defendant Vikjord's responses to Plaintiff's Request for Production, Set One. (ECF No. 58.) Plaintiff previously attempted to compel Defendant Vikjord's responses, but the request was denied because, at the time, the Court had extended the service deadline for these responses to August 15, 2016. (ECF Nos. 44, 54.)

On August 25, 2016, Plaintiff also filed an opposition to Defendants' motion for a protective order staying discovery, and Defendants filed a reply on August 31, 2016. (ECF Nos. 59, 60.)

On September 12, 2016, Defendants filed an opposition to Plaintiff's motion to stay ruling on Defendants' exhaustion motion. (ECF No. 62.) Defendants also filed a motion for an extension of time to oppose Plaintiff's pending motions to compel until after resolution of the motion for protective order and exhaustion related motion for summary judgment. (ECF No. 63.)

///
///
///

---

[1] The deadline for completion of discovery is January 4, 2017, and the deadline to file a dispositive motion is March 13, 2017. (ECF No. 34.)

## II.

## LEGAL STANDARD

The Court is vested with broad discretion to manage discovery.  Dichter-Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (per curiam); Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).  Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery.  The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants, Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue).  The propriety of delaying discovery on the merits of the plaintiff's claims pending resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit.  Albino v. Baca, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (en banc), cert. denied, 135 S.Ct. 403 (2014); see also Gibbs v. Carson, No. C-13-0860 THE (PR), 2014 WL 172187, at *2-3 (N.D. Cal. Jan. 15, 2014).

## III.

## DISCUSSION

Defendants argue that the Court should exercise its discretion to stay discovery until it rules on Defendants' pending motion for summary judgment, filed on August 19, 2016.  On May 27, 2016, they served Plaintiff with several sets of interrogatories and requests for admissions.  (ECF No. 53-2; Decl. of Rhoan ¶ 3.)  Based on Plaintiff's responses, Defendants determined that Plaintiff did not properly exhaust his administrative remedies regarding his claims against them.  (Id. ¶¶ 5-6.) Defendants submit that Plaintiff has propounded over twenty-one sets of discovery against Defendants, responses which are due on August 15, 18, 23, 31; and September 11 and 14, 2016; however, if Defendants' present motion is successful, it may obviate the need to respond altogether. (Id. ¶¶ 3, 6.)

///

///

1          In opposition, Plaintiff argues that Defendants' motion for a protective order is another delay
2  to respond to Plaintiff's discovery requests.  (ECF No. 59, Pl.'s Opp'n 1-2.)  Plaintiff contends he has
3  not received responses to his discovery requests which he believes is in bad faith.  (Id. at 2, 4.)
4  Plaintiff also contends that he cannot oppose Defendants' motion for summary judgment for his failure
5  to exhaust the administrative remedies because he has not received Defendants' discovery responses.
6  (Id. at 5.)

7          The failure to exhaust is an affirmative defense, and Defendant is entitled to judgment on
8  Plaintiff's claim against him if the Court determines the claim is unexhausted.  Albino, 747 F.3d at
9  1166.  Thus, the pending exhaustion motion has the potential to bring final resolution to this action,
10 obviating the need for merits-based discovery.  Gibbs, 2014 WL 172187, at *3.  In Albino, the Ninth
11 Circuit recognized that "[e]xhaustion should be decided, if feasible, before reaching the merits of a
12 prisoner's claims," and "discovery directed to the merits of the suit" should be left until later.  Albino,
13 747 F.3d at 1170.  Plaintiff will not be prejudiced if the merits-based discovery is stayed because
14 Defendants will respond to Plaintiff's discovery requests as to any and all surviving claims, after the
15 motion for summary judgment is resolved.  The merits-based discovery stay only has the effect of
16 temporarily delaying Plaintiff's engagement in general discovery pending a determination which
17 claims are exhausted and will proceed forward.  Once that determination is made, Plaintiff will be able
18 to engage in full discovery regarding any exhausted claims.

19         To the extent that the non-moving party needs specific discovery to address issues raised in a
20 dispositive motion, the non-moving party is entitled to seek redress.  Fed. R. Civ. P. 56(d); Albino,
21 747 F.3d at 1170-71; Wyatt v. Terhune, 315 F.3d 1108, 1115 n.7 (9th Cir. 2003) (overruled on other
22 grounds by Albino, 747 F.3d at 1168-69).  Rule 56(d) provides that "[i]f a nonmovant shows by
23 affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its
24 opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain
25 affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  Fed. R. Civ.
26 P. 56(d).  In seeking relief under Rule 56(d), Plaintiff bears the burden of specifically identifying
27 relevant information, where there is some basis for believing that the information actually exists, and
28 demonstrating that the evidence sought actually exists and that it would prevent summary judgment.

Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted); Getz v. Boeing Co., 654 F.3d 852, 867-68 (9th Cir. 2011); Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100-01 (9th Cir. 2006).  Here, however, Plaintiff's opposition makes no showing that he needs any specific discovery in order to oppose the exhaustion motion.  Plaintiff's bare desire to complete discovery before responding to Defendants' motion does not entitle him to relief under Rule 56(d).  Naoko Ohno v. Yuko Yasuma, 723 F.3d 984, 1013 n.29 (9th Cir. 2013) (evidence to be sought through discovery must be based on more than mere speculation).  Indeed, Defendants submit that during discovery, Plaintiff identified several inmate appeals that were exhaustive of his administrative remedies against them, and such documentation was served upon Plaintiff along with the motion for summary judgment.  (Decl. of Rhoan ¶¶ 2, 4, Exs. A, C; ECF No. 55-5.)  Accordingly, Defendants' motion for a protective order staying all merits-based discovery will be granted.

## IV.

## ORDER

Accordingly, based on the foregoing, it is HEREBY ORDERED as follows:

1. Defendants' motion for a protective order, filed August 10, 2016, is GRANTED;
2. Defendants are relieved from serving responses to any merits-based discovery requests already served by Plaintiff;
3. Defendants are relieved from responding to any merits-based motions to compel filed by Plaintiff;
4. Merits-based discovery is stayed pending resolution of Defendants' exhaustion motion;
5. The Court will issue an amended scheduling order, if necessary, once Defendants' exhaustion motion is resolved; and

///
///
///
///
///

6. In the interest of justice, Plaintiff is granted thirty (30) days from the date of service of this order to file an opposition to Defendants' exhaustion related motion for summary judgment, filed on August 19, 2016.[2]

IT IS SO ORDERED.

Dated:   **September 13, 2016**

UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff's opposition to Defendants' motion for summary judgment was due September 9, 2016. Local Rule 230(*l*). Defendants do not oppose an extension of the deadline in order for Plaintiff to review Defendants' moving papers and attached exhibits in order to oppose their motion for summary judgment.