1

2

3

4

5

6

7

8               **UNITED STATES DISTRICT COURT**

9               **EASTERN DISTRICT OF CALIFORNIA**

10

11   DAVID ESTRADA,                          )   Case No.: 1:15-cv-01292-AWI-SAB (PC)
                                             )
12                    Plaintiff,             )   FINDINGS AND RECOMMENDATIONS
                                             )   REGARDING DEFENDANTS' MOTION FOR
13          v.                               )   JUDGMENT ON THE PLEADINGS,
                                             )   DEFENDANTS' MOTION FOR SUMMARY
14   TERESA MACIS, et al.,                   )   JUDGMENT, PLAINTIFF'S MOTION TO HOLD
                                             )   DEFENDANTS IN CONTEMPT FOR VIOLATING
15                    Defendants.            )   A COURT ORDER, AND PLAINTIFF'S MOTION
                                             )   TO SEAL OPPOSITION AND EXHIBITS
16                                           )
                                             )   [ECF Nos. 26, 55, 56, 58, 61, 67]
17  _____ )

18          Plaintiff David Estrada is appearing pro se and in forma pauperis in this civil rights action

19   pursuant to 42 U.S.C. § 1983.  Plaintiff consented and Defendants declined United States Magistrate

20   Judge jurisdiction; therefore, this matter was referred to a United States Magistrate Judge pursuant to

21   28 U.S.C. § 636(b)(1)(B) and Local Rule 302.[1]

22          Currently before the Court is Defendants' motion for judgment on the pleadings, filed April 12,

23   2016; Defendants' motion for summary judgment for failure to exhaust the administrative remedies,

24   filed August 19, 2016; Plaintiff's motion to hold Defendants in contempt for violating a court order,

25   filed September 6, 2016; Plaintiff's motion to seal his opposition and exhibits, filed September 16,

26   2016; and Plaintiff's motion to compel discovery.  (ECF Nos. 26, 55, 56, 58, 61, 67.)

27   _____

28   [1] Plaintiff consented to United States Magistrate Judge jurisdiction on August 31, 2015, and Defendants declined United
     States Magistrate Judge jurisdiction on April 12, 2016.  (ECF Nos. 5, 27.)

# I.

## RELEVANT HISTORY

This action is proceeding against Defendants Doctor Wang, Vickjord, Whitford, Lau, Garnett and Flores for deliberate indifference to a serious medical need under the Eighth Amendment.

Defendants filed an answer to the complaint on April 12, 2016.  (ECF No. 25.)  On this same date, Defendants filed a motion for judgment on the pleadings.  (ECF No. 26.)  On May 2, 2016, Plaintiff filed an opposition to Defendants' motion for judgment on the pleadings, and a motion to seal exhibits A, B and C.  (ECF Nos. 31, 32.)

On May 25, 2016, the Court granted Plaintiff's motion to seal exhibits A, B and C.  (ECF No. 39.)

On August 19, 2016, Defendants filed a motion for summary judgment for failure to exhaust the administrative remedies.  (ECF No. 55.)

On September 6, 2016, Plaintiff filed a motion to hold Defendants in contempt for violating a court order to seal exhibits.  (ECF No. 61.)  Defendants filed an opposition to Plaintiff's motion on September 27, 2016.  (ECF No. 68.)

On September 13, 2016, the Court granted Defendants' request for a protective order and stayed all merits-based discovery until after resolution of the motion for summary judgment relating to exhaustion of the administrative remedies.  (ECF No. 65.)  The Court also granted Defendants' request to extend the time to respond to Plaintiff's outstanding motions to compel until thirty days after the exhaustion-relation motion is finally resolved.  (Id.)

On September 16, 2016, Plaintiff filed a motion to seal his opposition and exhibits.  (ECF No. 67.)  Defendants filed an opposition by way of email pursuant to Local Rule 141(c) on October 7, 2016, and served Plaintiff by mail.  Plaintiff filed a reply on November 3, 2016.  (ECF No. 73.)

On October 21, 2016, Defendants filed a reply to Plaintiff's opposition to the motion for summary judgment.  (ECF No. 72.)

///

///

///

2

## II.

## DISCUSSION

### A.   Defendants' Motion for Judgment on the Pleadings

Defendants move for judgment on the pleadings because a careful reading of Plaintiff's first amended complaint reveals that he did not properly exhaust his administrative remedies.  Defendants also argue that Plaintiff's official capacity claims are barred by the Eleventh Amendment.

Under Federal Rule of Civil Procedure 12(c), judgment on the pleadings may be granted when, accepting as true all material allegations contained in the nonmoving party's pleadings, the moving party is entitled to judgment as a matter of law.  Chavez v United States, 683 F.3d 1102, 1108 (9th Cir. 2012); Fed. R. Civ. P. 12(c).  The applicable standard is essentially identical to the standard for a motion to dismiss under Rule 12(b)(6).  United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 n. 4 (9th Cir. 2011).  Thus, although the Court must accept well-pleaded facts as true, it is not required to accept mere conclusory allegations or conclusions of law.  See Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009).

In ruling on a motion for judgment on the pleadings, the Court may consider documents incorporated by reference in the pleadings and "may properly look beyond the complaint to matters of public record" that are judicially noticeable.  Mack v. South Bay Beer Distrib., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104, 111 (1991); Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The Court "need not … accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" attached to the complaint.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted).

### 1.   Exhaustion of Administrative Remedies

By the Prison Litigation Reform Act (PLRA), Congress amended 42 U.S.C. §1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances

or particular episodes, and whether they allege excessive force or some other wrong." <u>Porter v.</u> <u>Nussle</u>, 534 U.S. 516, 532 (2002).

The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative defense that defendants must plead and prove. <u>Jones</u>, 747 F.3d at 1166. Thus, inmates are not required to specifically plead or demonstrate exhaustion in their complaints. <u>Albino</u> holds that, in general, the defense should be brought as a Rule 56 motion for summary judgment, unless in the rare event that the prisoner's failure to exhaust is clear on the face of the complaint. <u>Albino</u>, 747 F.3d 1168-1169, 1171.

A prisoner may be excused from complying with the PLRA's exhaustion requirement if he establishes that the existing administrative remedies were effectively unavailable to him. <u>Albino</u>, 747 F.3d at 1172-1173. When an inmate's administrative grievance is improperly rejected on procedural grounds, exhaustion may be excused as effectively unavailable. <u>Sapp v. Kimbrell</u>, 623 F.3d 813, 823 (9th Cir. 2010); <u>see also</u> <u>Nunez v. Duncan</u>, 591 F.3d 1217, 1224-1226 (9th Cir. 2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable"); <u>Brown v. Valoff</u>, 422 F.3d 926, 940 (9th Cir. 2005) (plaintiff not required to proceed to third level where appeal granted at second level and no further relief was available).

In the first amended complaint, Plaintiff checked the box "yes" affirming that an administrative remedy process is available at his institution, an appeal or grievance was filed concerning all the facts contained in the complaint, and the grievance process is complete. (ECF No. 16, First Amd. Compl. at p. 2.) Although Defendants contend that Plaintiff tacitly concedes he could not have exhausted his claims against the named Defendants because he did not learn of certain misconduct until February 2015, the Court cannot determine as a matter of law the failure to exhaust solely on the face of the amended complaint. Based on Plaintiff's allegations in his opposition and the arguments presented by both parties, it is not clear and unequivocal on the face of the complaint that Plaintiff failed to exhaust the administrative remedies, and the Court declines to find as a matter of law Plaintiff failed to exhaust. Indeed, Plaintiff is not required to plead such argument and cannot be faulted for failing to do so. As previously stated, it is the Defendant, not Plaintiff, who bears the initial and ultimate burden of proving that Plaintiff failed to exhaust the administrative remedies. Accordingly, the Court

4

recommends that Defendants' motion for judgment on the pleadings for Plaintiff's failure to exhaust the administrative remedies be denied.

      2.     <u>Dismissal of Official Capacity Claims</u>

Defendants submit that Plaintiff is suing each of them in their individual and official capacity. (ECF No. 16, First Amd. Compl. at 6, ¶ M.)

Defendants correctly argue that Plaintiff may not sue Defendants in their official capacities. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." <u>Aholelel v. Dept. of Public Safety</u>, 488 F.3d 1144, 1147 (9th Cir. 2007). Plaintiff's official capacity claims shall be dismissed, as Plaintiff may only seek relief against Defendants in their individual capacities.

**B.    Plaintiff's Motion to File Opposition and Exhibits Under Seal**

Plaintiff seeks to file the exhibits attached to his opposition under seal due to alleged confidential concerns. Pursuant to Plaintiff's request, Plaintiff's exhibits were not filed on the docket, but were ordered lodged pending ruling on Plaintiff's request. Defendants oppose Plaintiff's request and argue that Plaintiff has failed to meet his burden in demonstrating a compelling reason to seal these exhibits. First, Defendants argue that Plaintiff's mere label of "confidential" is too vague to justify sealing these documents. Second, several of the exhibits are not confidential in nature. Third, several of the exhibits are irrelevant to the exhaustion process. Lastly, the <u>Gipson</u> and <u>Gray</u> litigations do not justify sealing these exhibits.

Pursuant to the Local Rule of the United States Court, Eastern District of California ("L.R."), documents may only be sealed by written order of the Court upon the showing required by applicable law. L.R. 141(a). Plaintiff seeks to seal documents in support of his opposition to Defendants' motion for summary judgment for failure to exhaust the administrative remedies.

Courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and documents." <u>Kamakana v. City & Cnty. of Honolulu</u>, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting <u>Nixon v. Warner Commc'ns, Inc.</u>, 435 U.S. 589, 597 & n. 7 (1978)). Nevertheless, this access to judicial records is not absolute. <u>Kamakana</u>, 447 F.3d at 1172. The court has recognized a category of documents that is not subject to the right of public access

5

because the documents have "traditionally been kept secret for important policy reasons." <u>Times Mirror Co. v. United States</u>, 873 F.2d 1210, 1219 (9th Cir. 1989).  Since resolution of disputes on the merits "is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events[,] . . . " 'compelling reasons' must be shown to seal judicial records attached to a dispositive motion." <u>Kamakana</u>, 447 F.3d at 1179.

The Ninth Circuit recognizes the strong presumption in favor of access to public records.  <u>Foltz v. State Farm Mutual Automobile Insurance Co.</u>, 331 F.3d 1122, 1135 (9th Cir. 2003.)  In determining whether the common law right to access to the records is overridden, the party seeking protection must show that "compelling reasons supported by specific factual findings ... outweigh the general history of access and the public policies favoring disclosure." <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 678 (9th Cir. 2009) (quoting <u>Foltz</u>, 331 F.3d at 1178-79); <u>see Kamakana</u>, 447 F.3d at 1183-84 (applying compelling reason standard to redaction of information contained in court records).

The Ninth Circuit has held that "compelling reasons" are "sufficient to outweigh the public's interest in disclosure and justify sealing court records" when such "court files might have become a vehicle for improper purposes," such as where the records could be used "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." <u>Kamakana</u>, 447 F.3d at 1179 (quoting <u>Nixon</u>, 435 U.S. at 598).  " '[S]ources of business information that might harm a litigant's competitive standing' often warrant protection under seal." <u>Williams v. U.S. Bank Nat. Ass'n</u>, 290 F.R.D. 600, 604–05 (E.D. Cal. 2013) (quoting <u>Nixon</u>, 435 U.S. at 598).  However, the "fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." <u>Kamakana</u>, 447 F.3d at 779 (quoting <u>Foltz</u>, 331 F.3d at 1136).

The party seeking to have the document sealed must present "articulable facts" identifying the interests that favor secrecy and show that these specific interests overcome the presumption of access because they outweigh the public's interest in understanding the judicial process. <u>Kamakana</u>, 447 F.3d at 1180.  The Court starts from the strong presumption in favor of access to public records and then considers whether the party seeking to have the record sealed has demonstrated a compelling reason to have the record sealed.  <u>Id.</u> at 1178-79.  This requires the Court to conscientiously balance

6

the competing interests of the public in accessing the records and the party who seeks to keep the records secret.  Id. at 1179.  The Court is required to "articulate the factual basis for its ruling, without relying on hypothesis or conjecture."  Id. (citations omitted).

At the outset the Court notes that Plaintiff's motion to seal the exhibits in support of his opposition must be considered in light of the claims upon which this action is proceeding and the nature of Defendants' pending motion for summary judgment for failure to exhaust the administrative remedies.  The fact that Plaintiff has designated such documents as confidential does not meet the good cause standard for sealing of such documents, as privacy concerns apply in many cases.

The Court agrees with Defendants' argument that several of Plaintiff's exhibits are not confidential, and with the exception of exhibits F, G and V, Plaintiff has failed to meet his burden in demonstrating a compelling reason to seal the exhibits.

The fact that Plaintiff did not trust certain prison officials to handle and/or process his inmate appeals at the time he submitted them, does not render such appeals "confidential" in nature.  Indeed, under Title 15 of the California Code of Regulations, the confidential portions of inmate appeals are the "appeal inquiries" prison staff may generate.  See Cal. Code Regs. tit. 15, §§ 3084.9(i)(B)(1)-(2), 3321, 3450(d).  As Defendants submit, no such inquiries are at issue in Defendants' motion and none were attached to the motion.  Accordingly, the Court will recommend that only exhibits F, G and V be filed under seal.

### C.    Plaintiff's Motion to Hold Defendants in Contempt

On September 6, 2016, Plaintiff filed a motion to hold Defendants in contempt for violating a court order to seal exhibits.  Defendants filed an opposition on September 27, 2016.  (ECF No. 68.)

 Plaintiff seeks to hold Defendants in contempt for violating the Court's May 25, 2016, order.  Pursuant to the court's May 25, 2016, order, Plaintiff's opposition to Defendants' motion for judgment on the pleadings, which relied on several inmate appeals that Plaintiff claimed were part of a confidential Office of Internal Affairs (OIA) investigation, was ordered sealed as to that motion.

Defendants submit that they "reasonably interpreted the Court's order as pertaining to that motion only and the order itself contained no language generally prohibiting the use of these inmate appeals for all purposes, such as when Defendants' moved for summary judgment for Plaintiff's

failure to exhaust administrative remedies.   Further, Defendants did not rely on confidential information when moving for summary judgment because no OIA documentation was used as evidence.   As such, Defendants should not be held in contempt and Plaintiff's motion should be denied." (Opp'n at 1:26-2:4.)

"Civil contempt … consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993).   For issuance of a contempt order against Defendants, Plaintiff must establish: (1) that Defendants violated the May 25, 2016 order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence.   Labor/Cnty. Strategy Ctr. V. Los Angeles Cnty. Metro. Transp. Auth., 564 F.3d 1115, 1123 (9th Cir. 2009).

As background and as previously stated, on April 12, 2016, Defendants moved for judgment on the pleadings on the grounds that Plaintiff's failure to exhaust his administrative remedies was plain on the face of the first amended complaint.   (ECF No. 26.)   Plaintiff filed an opposition on May 2, 2016.   (ECF No. 31.)   In support of his opposition, Plaintiff lodged several exhibits with the Court and sought leave to seal such documents.   (ECF Nos. 32-33.)   Part of the exhibits were Plaintiff's inmates appeals which he contended were part of an OIA investigation file pertaining to a workplace investigation involving Licensed Vocational Nurse Delorise Tassey.   (ECF No. 39.)

Defendants filed a reply to Plaintiff opposition, and made general reference to some of the lodged inmate appeals.   (ECF No. 38.)   That same day, Defendants submitted a statement of non-opposition to Plaintiff's motion to seal by way of email pursuant to Local Rule 141(c).   (ECF No. 39.) Defendants submit that although Plaintiff's inmate appeals are not confidential, they did not object to the sealing of such documents because they were irrelevant to oppose Defendants' motion which was based on facial exhaustion.

On May 25, 2016, the Court granted Plaintiff's request to seal the exhibits for purposes of Plaintiff's opposition to Defendants' motion for judgment on the pleadings.   (ECF No. 39.)

As previously stated, on August 19, 2016, Defendants moved for summary judgment for Plaintiff's failure to exhaust the administrative remedies.   (ECF No. 55.)   Defendants attached several

8

inmate appeals which Plaintiff identified through discovery as exhaustive of his administrative remedies against Defendants.  (Rhoan Decl. ¶¶ 2, 4, Exs. A, C, ECF No. 55-5.)  Defendants also attached several declarations by custodians relating to the processing of these appeals.  (ECF No. 55.)

In his present motion to hold Defendants in contempt, Plaintiff argues that inmate appeal Log Nos. COR SC 12001313, COR SC 12001333, COR SC 12001377, and CSPC-5-12-4888 are confidential because they are part of an OIA investigation into nurse Tassey.  Plaintiff also contends that public disclosure of these appeals will protect Plaintiff and his family from retaliation.

As Defendants submit, the Court's May 25, 2016 order was not a blanket sealing of Plaintiff's inmate appeals for all purposes, and Defendants reasonably could have interpreted the Court's order as such.  The Court's May 25, 2016, order stated only that the exhibits were sealed "in support of Plaintiff's opposition to Defendants' motion for judgment on the pleadings[.]"  (ECF No. 39.) Plaintiff also submits that the May 25, 2016 order "extends to a separate complaint in Estrada v. Gipson et al., Case No. 1:13-cv-00919," however, Plaintiff fails to explain the relevance of these litigations or the impact of such litigation on this case.  Accordingly, Plaintiff has failed to demonstrate that Defendants willfully violated the Court's May 25, 2016, order.

The Court finds that Defendants acted in good faith when moving for summary judgment on the basis of Plaintiff's inmate appeals because such appeals do not contain confidential information. Under Title 15 of the California Code of Regulations, the confidential portions of inmate appeals are the "appeal inquiries" that may be generated.  Cal. Code Regs. tit. 15, §§ 3084.9(i)(B)(1-(2), 3321, 3450(d).  No such inquiries are at issue in Defendants' motion.  Plaintiff claims that Log Nos. COR SC 12001313, COR SC 12001333, COR SC 12001377, and CSPC-5-12-4888 are confidential because they are part of an OIA investigation into nurse Tassey; however, the OIA investigation documents were not used as evidence in support of Defendants' motion.  Indeed, Defendants have submitted the declaration of Chief R. Robinson of the California Correctional Health Care Services (CCHCS), who indicates the processing of inmate appeals are wholly independent of the processing of OIA investigations.  (Robinson Decl. ¶ 12, ECF No. 55-6.)  Once OIA is involved, CCHCS loses jurisdiction of that particular appeal's investigation, and OIA, not CCHCS, provides Plaintiff with the results of the final investigation.  (Id.)  CCHCS simultaneously issues a third-level decision so as to

exhaust the administrative remedies.   (Id.)  Thus, because no confidential information is attached to Defendants' motion, they acted in good faith in presenting their motion for summary judgment.

Accordingly, there is no basis to impose contempt sanctions against Defendants, and Plaintiff's motion should be denied.

### D.   Defendants' Motion for Summary Judgment

1.   Statutory Exhaustion Requirement

The PLRA requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions."   42 U.S.C. § 1997e(a); see Ross v. Blake, __ U.S. __ 136 S.Ct. 1850 (June 6, 2016) ("An inmate need exhaust only such administrative remedies that are 'available.'").   Exhaustion is mandatory unless unavailable.  "The obligation to exhaust 'available' remedies persists as long as some remedy remains 'available.'  Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance."  Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion.  Jones, 549 U.S. at 216; Albino, 747 F.3d at 1166.  "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)."  Albino, 747 F.3d at 1166.  Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust.  Id.

///

///

2.        Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011).   Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.   Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).   The Court may consider other materials in the record not cited to by the parties, although it is not required to do so.   Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172.   If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."   Id.   "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."   Id. at 1166.   However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts."   Id.

In arriving at this recommendation, the Court has carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties.   Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this Court did not consider the argument, document, paper, or objection.   This Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

11

### D.     Description of CDCR's Administrative Remedy Process

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  CDCR has an administrative remedy process for inmate grievances.  Cal. Code Regs. tit. 15, § 3084.1 (2014).  Compliance with section 1997e(a) is mandatory and state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court.  Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); Sapp v. Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010).  CDCR's administrative grievance process for non-medical appeals consists of three levels of review: (1) first level formal written appeals; (2) second level appeal to the Warden or designees; and (3) third level appeal to the Office of Appeals (OOA).  Inmates are required to submit appeals on a standardized form (CDCR Form 602), attach necessary supporting documentation, and submit the appeal within thirty days of the disputed event.  Cal. Code Regs. tit. 15, §§ 3084.2, 3084.3(a), 3084.8(b).

The appeal must "describe the specific issue under appeal and the relief requested," and the inmate "shall list all staff member(s) involved and shall describe their involvement in the issue."  Tit. 15, § 3084.2(a).  Furthermore, the inmate "shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal Form, and if needed, the Inmate Parolee/Appeal Form Attachment."  Tit. 15, § 3084.2(a)(4).

### E.     Summary of Allegations Underlying Plaintiff's Constitutional Claims

Plaintiff contends that over a three year period of time he was administered his medications, which included prescribed narcotic pain medication in a crush and flow form which caused him to suffer side effects.  The side effects caused Plaintiff to suffer hallucinations and numbness to his mouth, tongue, face, nerves and muscles.

Plaintiff filed several inmate grievances and complaints which were not appropriately addressed.  Defendant Flores was assigned to investigate Plaintiff's allegations regarding his medication.  Flores interviewed Plaintiff with a legal affairs advocate.  Flores informed Plaintiff she would have a meeting with the warden after the interview, and would "let the warden know if [Plaintiff] can be transferred."   Defendant Flores took no action to have Plaintiff treated or seen by a doctor or specialist, despite being advised of Plaintiff's complaints.

Defendant Jeffrey Wang, Chief Medical Officer, was made aware of Plaintiff's complaints and the pending investigation.  Dr. Wang visited Plaintiff while he was in the acute care hospital in August and September of 2012.  However, Dr. Wang took no steps to have Plaintiff treated for the side effects of the administration of his medication.

On February 2, 2015, Plaintiff received an investigation package which included findings and exhibits from the Office of Internal Affairs into a licensed vocational nurse.  This packet included information that Defendants intentionally withheld from Plaintiff.  These documents contained information that the above identified individuals played roles in the decision making process to penalize an employee who had intentionally misappropriated medications to inmate patients, including Plaintiff.

In February 2015, Plaintiff received memorandum that the allegations against the staff employee had been "sustained."

Defendant correctional officer Brad Vickjord was assigned to the investigative services unit and was responsible for investigating Plaintiff's complaints and allegations of staff misconduct.  Vickjord interviewed Plaintiff and Plaintiff requested some form of action.  Vickjord was already aware of the staff member's misconduct and had previously received complaints from Plaintiff's family members.

On June 8, 2012, Plaintiff's family spoke with Defendant Vickjord on behalf of the warden.  Vickjord discouraged Plaintiff from speaking to any staff regarding his complaints because information is passed around among staff which makes investigating those accused of misconduct difficult.  Despite knowledge of Plaintiff's medical problems, Defendant Vickjord did not take any action to remedy the problems.

On or around October 31, 2011, and November 4, 2011, Defendant Whitford interviewed Plaintiff regarding the allegations of staff misconduct in general.  Plaintiff advised Whitford that he was given medications in excessive of what was prescribed and in crushed and mixed form which caused him injuries.  Defendant Whitford is the supervisor of Defendant Vickjord.  Defendant Whitford failed to take any action to remedy the harm to Plaintiff and failed to properly train and supervise Defendant Vickjord.

Defendants Lau and Garnett are registered nurse supervisors and are responsible to supervise certain employees, including the employee who misappropriated Plaintiff's medications.  Defendants Lau and Garnett were aware of the employee misappropriating his medications but failed to correct the actions.

Plaintiff suffered hallucinations, numbness and spasms to his mouth, tongue, face, nerves and muscles as a result of the misappropriation of his medications.

**F.      Defendants' Statement of Undisputed Facts**

1.      During discovery, Plaintiff identified several inmate appeals that he claims exhausted his administrative remedies against Defendants: (1) COR SC 12001313; (2) CSPC-15-12-4888; (3) COR SC 12001333; (4) COR SC 12001377; (5) COR SC 13001467; (6) COR HC 14056477; (7) COR HC 15057592; (8) COR HC 14057160; (9) COR HC 15057861; (10) COR HC 15058256; and (11) COR HC 15058908.  (Decl. of Erick J. Rhoan ¶ 4, Exs. A & C, ECF No. 55-5.)

2.      Log No. COR HC 15057592 was rejected at the third level of review because Plaintiff attempted to bypass the required lower levels of review prior to seeking a third level decision.[2]  (Decl. of R. Robinson ¶ 11, Ex. G, ECF No. 55-8.)

3.      Plaintiff submitted Log No. COR SC 12001313 on July 24, 2012, where he alleged that a non-Defendant Licensed Vocational Nurse (LVN) Tassey, was a Mexican Mafia sympathizer and conspired with them to harm Plaintiff's family, as well as gave him excess narcotics medications, such as morphine and Gabapentin, resulting in mental health issues.[3]  This appeal was exhausted at the Third Level of Review.  (Decl. of R. Robinson, Ex. B.)

4.      Plaintiff submitted Log No. COR SC 12001333, where he alleged that a non-Defendant LVN revealed to him that Tassey knew about his mental health issues, such as hearing voices, in front of other inmates thereby breaching medical confidentiality.  Plaintiff also alleged that Tassey and

---

[2] Plaintiff attempts to dispute this fact and objects to the use of the declaration by R. Robinson.  However, Plaintiff's response does not place this fact, as stated, in dispute, and Plaintiff's objection  is overruled.

[3] Plaintiff attempts to dispute this fact and objects to the use of the declaration by R. Robinson.  However, Plaintiff's response does not place this fact, as stated, in dispute, and Plaintiff's objection is overruled.

other, unrelated medical staff were conspiring against him.  This appeal was exhausted at the Third

Level of Review.[4]  (Decl. of R. Robinson, Ex. C.)

5.      Plaintiff submitted Log No. COR SC 12001377 on November 1, 2012, where he

alleged that a non-Defendant LVN retaliated against him by withholding medications and therapy,

disclosing sensitive information in his Central File, and used this information to defend Tassey while

Tassey was under investigation.  This LVN also fabricated a Rules Violation Report against him and

made improper references to Tassey's collaboration with Mexican Mafia gang members to harm

Plaintiff's family.  Plaintiff requested that this LVN and other unrelated staff be reprimanded for their

unethical behavior.  This appeal was exhausted at the Third Level of Review.  (Decl. of R. Robinson,

Ex. D.)

6.      Plaintiff submitted Log No. COR SC 13001467 on March 21, 2013, in which he

alleged that he brought a prior complaint against non-Defendant LVN Gonzalez, but that Defendant

Garnett did not adequately investigate LVN Gonzalez for her retaliatory actions against him.  Plaintiff

further alleged that LVN Gonzalez withheld medications, made up inappropriate rumors about him,

and made false accusations that Plaintiff threatened her.  This appeal was exhausted at the Third Level

of Review.  (Decl. of R. Robinson, Ex. E.)

7.      Plaintiff submitted Log No. COR HC 14057160 on October 28, 2014, where he alleged

that he was having physical and mental health troubles.  Plaintiff requested medical treatment for his

head, eyes, jaw, neck, stomach, shoulder, legs, and constipation.  This appeal was exhausted at the

Third Level of Review.[5]  (Decl. of R. Robinson, Ex. H.)

8.      Plaintiff submitted Log No. COR HC 15057861 on March 25, 2015, which alleged that

he was denied adequate medical treatment for unnamed medical problems as well as being issued

unknown medications that were not prescribed to him.  Plaintiff alleged that he was not given

treatment because when he originally submitted another, prior inmate appeal pertaining to these issues,

---

[4] Plaintiff correctly notes that Defendants incorrectly referenced this appeal number as COR SC 12001313, instead of COR SC 12001333, however, such mistaken does not render this statement of fact as presented by Defendant disputed.

[5] Plaintiff attempts to dispute this fact by stating that he addressed his suffering side effects; however, Plaintiff's statement does not dispute this statement of fact as presented by Defendants, and Plaintiff's objection is overruled.

that appeal's investigation was subsequently handled by the Office of Internal Affairs (OIA).  As a result, he was experiencing several adverse medical conditions.  Plaintiff mentions the OIA files produced to him during discovery in <u>Estrada v. Gipson</u>, Eastern District of California Case No. 1:13-cv-00919, to allege that his medical symptoms have gone untreated.  This appeal was exhausted at the Third Level of Review.[6]  (Decl. of R. Robinson, Ex. I.)

9.      Log No. COR HC 15057861 received a Third Level decision on November 5, 2015. (Decl. of R. Robinson, Ex. I.)

10.     Plaintiff submitted Log No. COR HC 15058256 on March 29, 2015, which alleged that non-Defendants T. Macias and Nurse Grajeda retaliated against him for submitting prior inmate appeals.  Plaintiff also alleged that he was receiving inadequate medical treatment for heart problems as well as being treated inappropriately by non-Defendant psychological staff members.  This appeal was exhausted at the Third Level of Review.  (Decl. of R. Robinson, Ex. J.)

11.     Log No. COR HC 15058909 received a Third Level decision on February 10, 2016. (Decl. of R. Robinson, Ex. K.)

**G.      Plaintiff's Statement of Undisputed Facts[7]**

1.      Plaintiff submitted health care inmate appeal COR-SC-120011313 on July 24, 2012 which as a staff complaint against non-peace officer (licensed vocational nurse Delorise P. Tassey) made his complaint clear that LVN D. Tassey was engaged in staff misconduct and that LVN D. Tassey provided him excess narcotic and other medications he was not prescribed which were often times mixed with his prescription narcotic and nerve pain medication, that were prescribed to be dispensed in a crushed and float form, for several years, were causing the plaintiff to suffer serious side effects and also mental breakdowns and that these problems are ongoing.  (Pl. Opp'n to Defs.' Mot. for Summ. J, Ex. B.)

---

[6] Plaintiff correctly notes that Defendants incorrectly referenced this appeal number as COR HC 14057160, instead of COR HC15057861; however, such mistake does not render this statement of fact as presented by Defendant disputed.

[7] For clarity purposes, the Court notes that it has included all facts for which Defendants submit are undisputed but irrelevant.  The relevancy of any facts will be determined only, if necessary, in the analysis portion of this decision.

2.     On August 1, 2012 Health Care Appeals Office sent Plaintiff a staff complaint assignment notice second level SC appeal with a due date of September 10, 2012.  (Pl. Opp'n to Defs.' Mot. for Summ J. Ex. B; Defs.' Mot. for Summ J. at Decl. of R. Robinson in Support of Defs.' Mot. for Sum. J. Ex. B.)

3.     On August 21, 2012 chief executive officer (CEO) Teresa Macias sent Plaintiff a memorandum as a "Staff Complaint Response" that <u>does not</u> indicate if this notice or response serves as a second level response as required by California Code of Regulations (CCR) Title 15 sections 3084.7(b)(c).  Within the memorandum Teresa Macias informs the plaintiff his inmate appeal is being referred to the Office of Internal Affairs (OIA) for investigation and that the Plaintiff will be notified of the outcome and or notified upon the completion of the inquiry if a confidential inquiry is made by the institution.  The last paragraph also states that "allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.  (Pl. Opp'n to Defs.' Mot. for Summ. J., Ex B page 2; Defs.' Mot. for Summ. J at Decl. of R. Robinson and Ex. B.)

4.     On September 10, 2012 R. Madruga, SS Health Care Appeals Office sent the Plaintiff a memorandum which provided a detailed explanation of how this inmate appeal would be handled pursuant to CCR Title 15 3084.9(i)(4)(A) which states the following: "The referral for investigation and the status of the investigation.  Additionally, the appellant shall be notified of the outcome at the conclusion of the investigation."  (Pl. Opp'n to Defs.' Mot. for Summ. J. Ex. B, page 1); Defs.' Mot. for Summ. J. at Decl. of R. Robinson and Ex. B.)

5.     On November 26, 2012 Plaintiff attached to a CDCR-602 inmate appeal a letter to the Director's level – third level review stating his original due date was September 10, 2012 and that he was not given a due date by OIA, he also attached the response/memorandum Teresa Macias, CEO, sent him.  (Pl. Opp'n to Defs.' Mot. for Summ. J. Ex. B page 9; Defs.' Mot. for Summ. J at Decl. of R. Robinson and Ex. B; Decl. of D. Goree; Decl. of Voong; Decl. of Erick J. Rhoan.)

6.     On January 13, 2013, L. D. Zamora, Chief of Office of Third level appeals for health care provided Plaintiff a third level response, however, L. D. Zamora provides Plaintiff two conflicting answers: 1). Is that after contacting Mr. Madruga and Defendant Whitford, "Captain" of the Investigative Services Unit[,] it was discovered OIA accepted the appeal of investigation and there is a

17

due date of September 2014; 2). Is that L. D. Zamora denied inmate appeal COR SC 12001313 therefore making it an exhausted appeal which lacked a full review that was meaningful.

7.     Under the CCR Title 15 3084(c) right to appeal "material adverse effect means a harm or injury that is measurable or demonstrable or the likelihood of such harm or injury.  In either case, the harm or injury must be due to any policy, decision, action, condition, or omission by the department of its staff."  In this instance the Plaintiff had to seek out discovery in Estrada v. Gipson, et al., case no. 1:13-cv-00919-LJO-DLB E.D. Cal., and find out that the investigation by OIA, Defendant Flores, had concluded and Teresa Macias CEO of Health care had imposed penalties and sustained allegations against LVN Tassey for the misappropriations of medications to inmate-patients.  (Pl. Opp'n to Defs.' Mot. for Summ. J. Exs A, B, C, D, E, F, G, and U.)

8.     Plaintiff inquired as to the status of his inmate appeal COR SC 12001313 by notifying Defendant Whitford on December 27, 2012 via CDCR 22 inmate/parolee request for interview. Defendant Whitford responded on January 15, 2013 stating in part "this appeal was postponed and you should have received notification from the appeals office."  (Pl. Opp'n to Defs.' Mot. for Summ. J. Ex. C page 1.)

9.     Inmate Appeal COR SC 12001313 was reviewed at the third level by Health Care Appeals Coordinator on January 3, 2013 and denied and exhausted, at least in part.

10.     Plaintiff put the prison on notice of LVN Tassey and LVN F. Sauermilch's making fun of Plaintiff's suffering side effects from LVN Tassey misappropriating excess medications to him.

11.     Defendants Garnett and Defendant Lau were the supervisors of LVN Tassey and LVN Sauermilch.  (Pl. Opp'n to Defs.' Mot. for Summ. J., Ex. Log No. CSPC 5-12-4888.)

12.     Investigative Services Unit (ISU) correctional officer C. Love investigated and conducted a confidential inquiry on or around December 13, 2012 and concluded the appeal be denied. (Pl. Opp'n to Defs.' Mot. for Summ. J., Ex. J.)

13.     Plaintiff filed Log No. COR SC 12001377 stating LVN S. Gonzalez continued to retaliate on him for filing of COR SC 12001313 (Pl. Opp'n to Defs.' Mot. for Summ. J. Ex. B) against LVN Tassey, by refusing to administer his prescription narcotic mediations to him and also falsifying

rules violation reports and intentionally call the Plaintiff names in the presence of inmates in an effort to have Plaintiff hurt by inmates.

14.     Defendant Garnett failed to train and supervise licensed vocational nurse (LVN) S. Gonzales (Thomas) Maria Gray and D. Reynoso who were named COR SC 12001377. (Pl. Opp'n to Defs.' Mot. for Summ. J. Ex. K.)

15.     Plaintiff filed inmate appeal COR SC 13001467 on March 21, 2013, on licensed vocational nurse S. Gonzales (Thomas) a staff complaint and Defendant Evangene Garnett reviewed and responded to this appeal at the second level and again Defendant Garnett failed to train and supervise licensed vocational nurse S. Gonzales (Thomas) who continued to retaliate on Plaintiff for the filing of COR SC 12001313.  (Pl. Opp'n to Defs.' Mot. for Summ. J, Ex. B, K, L, O.)

## H.     Findings on Defendant's Motion for Summary Judgment

Defendants argue that during the discovery process Plaintiff identified several appeals in which he claims exhausted his claims against each Defendant.  However, Defendants submit that Plaintiff's identified appeals do not mention Defendants or their alleged malicious conduct as alleged in the first amended complaint.

As an initial matter, there is no dispute that there was available administrative remedy system at CDCR by submitting a CDCR Form 602 "Inmate/Parolee Appeal, and Plaintiff was aware of the inmate appeals process."  Albino, 747 F.3d at 1172.  It is undisputed that during discovery, Plaintiff identified the following inmate appeals in which he claims exhausted his administrative remedies against Defendants: (1) COR SC 12001313; (2) CSPC-15-12-4888; (3) COR SC 12001333; (4) COR SC 12001377; (5) COR SC 13001467; (6) COR HC 14056477; (7) COR HC 15057592; (8) COR HC 14057160; (9) COR HC 15057861; (10) COR HC 15058256; and (11) COR HC 15058908.  (Decl. of Erick J. Rhoan ¶ 4, Exs. A & C, ECF No. 55-5.)

At the outset, the Court notes that in the first amended complaint Plaintiff admits that he became aware of Defendants' alleged misconduct and involvement in the misappropriation of his medication and lack of medical care on February 2, 2015 (well after the majority of grievances were filed), which negates against a finding that any prior appeals exhausted the claims as to those Defendants.  (ECF No. 16 at 9, ¶¶ 2-24.)  Although the first amended complaint includes allegations

that pre-date February 2015, Plaintiff submits that he did not become aware of such actions until 2015, rendering any appeals prior to such date suspect as to exhaustion.  In any event, for the reasons explained below, the Court finds that Plaintiff has failed to exhaust the administrative remedies as to all Defendants, except Defendant Garnett.

      1.      Appeal Log No. COR SC 12001313

It is undisputed that in Appeal Log No. COR SC 12001313, alleged that a non-Defendant Licensed Vocational Nurse (LVN) Tassey, was a Mexican Mafia sympathizer and conspired with them to harm Plaintiff's family, as well as gave him excess narcotics medications, such as morphine and Gabapentin, resulting in mental health issues.  This appeal was exhausted at the Third Level of Review.  (Decl. of R. Robinson, Ex. B.)

Here, even liberally construing the allegations set forth in this appeal, it did provide prison officials with adequate notice as to his claims against Defendants in this action.  Indeed, the appeal did not reference any Defendant or any of Defendants' conduct, and therefore could not and did not serve to exhaust the claims against Defendants.  Rather, this grievance challenged *only* the misconduct by LVN Tassey, which is immaterial to whether Plaintiff exhausted the separate and distinct claims of deliberate indifference against Defendants in this case.  While Tassey's conduct may have been ongoing, there are not sufficient factual allegations or reasonable inferences therefrom to find that Plaintiff grieved any of the medical claims against Defendants in this action.

In opposition, Plaintiff alleges that that he informed Defendants Whitford, Vickjord and Flores of LVN Tassey's misappropriation of medications in 2011, prior to the filing of appeal log no. COR SC 12001313; however, such claim does not establish exhaustion of the administrative remedies, and this appeal made no mention of Defendants or their alleged misconduct.  Plaintiff further states that this appeal initiated an investigation by the OIA into Tassey; however, this appeal and the OIA investigation do not demonstrate exhaustion of the claims against Defendants in the instant action.  Indeed, the Office of Internal Affairs is not part of the inmate appeals process, and cannot be deemed proper exhaustion of the administrative remedies.  See, e.g., Panaro v. City of North Las Vegas, 432 F.3d 949, 953 (9th Cir. 2005) (participating in Internal Affairs investigation did not exhaust administrative remedies).  Nor are confidential inquires necessary for an inmate to obtain third level

review.  Cal. Code. Regs. tit. 15, § 3084.9(i)(B)(1)-(2).  Thus, the fact that Defendants Whitford, Vickjord and Flores may have participated in an internal investigation to which Plaintiff verbally complained does not suffice to exhaust the administrative remedies.  In addition, Plaintiff attaches a Form 22 request to appeal log no. COR SC 12001313 which was signed by Defendant Whitford, a Form 22 request is not a form level of review for administrative relief and does not exhaust the administrative remedies.  Cal. Code. Regs. tit. 15, §§ 3086(e)(2), 3086(i).  In any event, the Form 22 is dated after the issuance of the third level decision on this appeal and certainly cannot and does not serve to exhaust any claim against Defendant Whitford.[8]  (Opp'n, Ex. C.)  Accordingly, this appeal did not exhaust the administrative remedies against any of the Defendants in this action.

     2.    Appeal Log No. CSPC-15-12-4888

In Appeal Log No. CSPC-15-12-4888, Plaintiff alleged that non-Defendants, Correctional Officers Martinez and Rodriguez, threatened and retaliated against him for reporting sexual misconduct against Tassey.  This appeal was exhausted at the Third Level of Review on January 17, 2013.  (Decl. of D. Goree ¶ 9, Ex. B; Decl. of M. Voong ¶ 7, Ex. B.)

In analyzing Plaintiff's appeal, the Third Level of review stated the following:

It is appellant's position Corcoran State Prison (COR) Correctional Officer (CO) R. M. Rodriguez and CO R. Martinez have subjected him to retaliation and harassment due to a sexual misconduct complaint he filed on Licensed Vocational Nurse (LVN) D. Tassey.  The appellant stated LVN Tassey is providing information to the Mexican Mafia prison gang about his debriefing process.  The appellant contends that on July 15, 2012, while being escorted to an outside hospital by Cos Rodriguez and Martinez, Rodriguez made comments that he (appellant) was some she hated and used a cellular phone she had in her pocket to text (presumably) LVN Tassey.  The appellant claims CO Rodriguez then stated, "Estrada you fucked up."  The appellant continued by stating he had to be transferred to another hospital and CO Rodriguez began texting again upon the arrival there and stated, "You're a straight fucking rat and rats eat cheese and my girl said to you want some."  The appellant added that CO Rodriguez attempted to talk to him about LVN Tassey being "cool."  Additionally, the appellant alleges the officers are retaliating to deter him from reporting further staff misconduct.  The appellant requests the following: COs Rodriguez and Martinez be removed from the Security Housing Unit Yard; CO Rodriguez provides copies of the text messages she made on July 15, 2012; an Office of Internal Affairs investigation and monetary compensation.

(Decl. of D. Goree ¶ 9, Ex. B; Decl. of M. Voong ¶ 7, Ex. B.)

---

[8] Furthermore, the Form 22 merely requested status of his appeal.  (Id.)

The appeal was denied because Plaintiff's allegations were reviewed and evaluated by the administrative staff and an appeal inquiry was completed by the second level review.  (Id.)

Plaintiff attempts to dispute this appeal by arguing that Defendants failed to disclose the report from the confidential inquiry dated December 12, 2012.  (Pl. Opp'n to Defs' Stmt. Undisputed Facts, at ¶ 5, ECF No. 67.)  However, any confidential inquiry is not at issue, and the fact remains that this appeal did not grieve facts relating to the conduct against Defendants at issue in this case.

### 3.   Appeal Log No. COR SC 12001333

It is undisputed that in Appeal Log No. COR SC 12001333, Plaintiff alleged that a non-Defendant Licensed Vocational Nurse (LVN) Tassey, was a Mexican Mafia sympathizer and conspired with them to harm Plaintiff's family, as well as gave him excess narcotics medications, such as morphine and Gabapentin, resulting in mental health issues.  This appeal was exhausted at the Third Level of Review.  (Decl. of R. Robinson, Ex. B.)

This appeal does not mention Defendants or their conduct as set forth in the first amended complaint, and therefore cannot and did not serve to exhaust the administrative remedies.  This appeal focused solely on the misconduct by non-Defendant LVN Tassey.  There is no mention or reasonable inference of any alleged misconduct by any Defendants in this action.  One of the purposes of the exhaustion requirement is to provide the institution an opportunity resolve issues informally.  See Woodford, 584 U.S. at 89.  In order to accomplish this goal, an inmate must "describe the *specific* issue under appeal and the relief requested."  Cal. Code Regs. tit. 15, §§ 3084.2(a)(4) (emphasis added).  Plaintiff cannot expect the institution to guess or read into Plaintiff's claim relating to LVN Tassey's conduct to include involvement of others absent such specific factual allegations, not present here.

### 4.   Appeal Log No. COR SC 12001377

It is undisputed that in Appeal Log No. COR SC 12001377, Plaintiff alleged that a non-Defendant LVN retaliated against him by withholding medications and therapy, disclosing sensitive information in his Central File, and used this information to defend Tassey while Tassey was under investigation.  This LVN also fabricated a Rules Violation Report against him and made improper

references to Tassey's collaboration with Mexican Mafia gang members to harm Plaintiff's family. Plaintiff requested that this LVN and other unrelated staff be reprimanded for their unethical behavior. This appeal was exhausted at the Third Level of Review.  (Decl. of R. Robinson, Ex. D.)

This appeal does not identify any Defendant or describe their conduct as alleged in the first amended complaint, and therefore cannot and did not serve to exhaust the administrative remedies.

5.      Appeal Log No. COR SC 13001467

In Appeal Log. No. COR SC 13001467, Plaintiff alleged that he brought a prior complaint against non-Defendant LVN Gonzalez, but that Defendant Garnett did not adequately investigate LVN Gonzalez for her retaliatory actions against him.  Plaintiff further alleged that LVN Gonzalez withheld medications, made up inappropriate rumors about him, and made false accusations that Plaintiff threatened her.  This appeal was exhausted at the Third Level of Review.  (Decl. of R. Robinson, Ex. E.)

Defendants acknowledge that this appeal identifies Defendants Garnett, and state "[a]side from Defendant Garnett, Log No. COR SC 1300147 does not describe any Defendants' conduct mentioned in the First Amended Complaint."  (Defs' Stmt. Undiputed Facts, ¶ 12.)  Indeed, in Appeal Log No. COR SC 13001467, Plaintiff stated the following:

> On 2-20-13 I submitted a staff complaint on LVN S. Gonzalez who continues to retaliate against me.  I have not received a log # and I spoke with SRN II Garnett on February 21 and 22nd 2013 regarding my having to file a staff complaint on LVN Gonzalez, S., because the 602 (HC 12001377) that had been already submitted on her on the same issues she obviously discovered no matter how unethical/unprofessional she treats inmate/patients there are no worries of supervisory staff holding LVN S. Gonzalez accountable for her actions.

> On February 18, 2013, LVN S. Gonzalez refused to issue me my medications (this supports my prior complaints) and started telling nurses and custody staff that I belong in a management cell with an extended food port and Plexiglas, she again continues to label me a sex offender by telling staff & inmates.  I'm not and her actions are stigmatizing and are in reference to my juvenile record, which has a document from an inmate (Marcos Martua) who is a sex offender and who attempted to allege I had assaulted him.  These allegations are part of my juvenile file and the only way LVN S. Gonzalez would know about this is by custody disclosing it to her. Even this in addition to her openly labeling me is in violation of Welfare & Institution Code 827(b).  I am also retaliated on by LVN S. Gonzalez for a protected right to report misconduct which I have also requested confidentiality for (Gov. Code 6254(f)(2) & PC 293.5), she is alleging also that I threatened her but there are no threats against her on record.  LVN S.

Gonzalez is manipulating, willfully and maliciously to have staff harass me.  She is masking her complaints in order to have custody cause me harm and problems.

(Decl. of R. Robinson, Ex. E.)

At the second level of review, the appeal was granted in part in that an appeal inquiry was conducted and it was determined that there was no violation of CDCR policy with respect to one or more of the issues appealed.  (Id.)  It was specifically stated that on "[y]ou were interviewed on 4/25/13 by SRN Garnett and you stated that LVN Gonzalez refused to administer your medications on 1/28/13.  That she is retaliation on you, being slandered by her and she had been manipulating the custody staff to harass him, cause problem and to harm him."  (Id.)

In seeking review at the third level, Plaintiff stated the following:

I did address this issue previously with SRN II E. Garnett in COR SC 12001377/COR12051473 about LVN S. Gonzalez retaliating on me, labeling me a sex offender intentionally withholding my narcotics on several occasion because she was vindictively finding reasons to deny me dosages.  In addition, he aided LVN Delorise Tassey in covering up her criminal activities knowingly and alleged directing in front of me LVN D. Tassey would not mess with him (Estrada) she doesn't hook up with sex offenders Estrada is a rapist and she only messes with the other guys not those type nodding her head in my direct [sic].

I didn't detail everything within the prior complaint, please keep in mind I filed an appeal COR SC 12001313 requesting confidentiality per CCR 3401.5(a)-(f) and Gov. Code 6254(f)(2) and exercised what is left of my rights and expected your (third level review) office to fill in the blanks or gaps through a thorough inquiry with integrity, yet here I am.  LVN S. Gonzalez's actions were unethical.  She covered up Delorise Tassey's actions, aided her over 3 years, failed to report those criminal activities and is now continuing to retaliate on me by making unfounded allegations, masking her complaints behind rules she is tipping in her favor and presenting them to custody who already are known to retaliate on inmates and abusing her discretion to her advantage to carry out acts of vindictiveness, her motives are masked and her behavior has caused me to be moved, as predicted into a management cell, lose property as a result of her complaints (staff intentionally lost my property).  I understand supervisory staff are protecting their subordinates from any real investigation, and I also don't expect third level review to do more than as always deny my appeal under the appeal inquiry directive.  In this case I am to be respected and we all are expected to carry ourselves accordingly CCR and state/federal law truly dictates what violations have been made even those that superseded policy, she disrespected me, retaliated on me for using the 602 process to report on her and Delorise Tassey (ask ISU) and placed my life in danger by labeling me a sex offender, also disclosed juvenile records privacy rights violations.

(Id.)

24

Plaintiff's appeal was denied at the third level of review on May 20, 2013.  (Id.)

With regard to supervising registered nurse, Defendant Garnett, Plaintiff contends that she failed to properly supervise Tassey while she was misappropriating Plaintiff's medications and failed to provide medical treatment.  (ECF No. 7, at 17-19.)  More specifically, Defendant Garnett handled "several" staff complaints Plaintiff filed against the "former employee" and that involved "the former employee."  (Id. at 25.)  Defendant Garnett was aware Plaintiff's bodily integrity was violated by the former employee's misappropriating medications to him and took no action while this former employee concealed these acts.   (Id.)

The Court finds that liberally construing the allegations of Plaintiff's appeal and drawing all inferences reasonably supported by the evidence in Plaintiff's favor, this appeal exhausts Plaintiff's Eighth Amendment claim against Defendant Garnett.  Defendant Garnett interviewed Plaintiff regarding the allegations and Plaintiff appealed such determination to the third and final level of review.  The second level review decision as well as the factual allegations in seeking third level review reflect Defendant Garnett's involvement in failing to properly investigate and treat Plaintiff's medical condition.  Accordingly, Defendant Garnett's motion for summary judgment should be denied.

### 6.   Appeal Log No. COR HC 14056477

In Appeal Log No. COR HC 14056477 Plaintiff claimed that on July 16, 2014, Doctor Aye denied him medical treatment.  (Decl. of R. Robinson, Ex. F.)  Plaintiff stated that he complained to LVN Singh about his nerves causing his brain, neck, spine and teeth to go into "muscle spasms."  (Id.) Plaintiff requested that Doctor Aye be held responsible for denying Plaintiff's medical treatment.  (Id.)

Plaintiff appeal was partially granted at the first level of review, stated the following:

The First Level Appeal, received on 7/22/2014 indicated the subject of this appeal is to receive medical treatment.  This appeal was deemed to not be a staff complaint.  The response stated you were assessed by Dr. Clark.  You stated the issue is primarily pain and the "feeling" of the pain.  Ibuprofen was added to your medication regiment.  You already have methadone as part of your treatment plan.  You stated the nausea had improved.  There is no medical criterion met to justify the referral to a neurologist at this time.  At the First Level of Review this appeal was partially granted.

(Id.)  Plaintiff appealed to the second level of review.  (Id.)  The appeal was partially granted at the second level of review as follows:

> The Second Level Appeal, received on 9/2/2014 indicated you are dissatisfied with the First Level response.  For the Second Level we have reviewed your appeal with attachment(s), Unit Health Record (eUHR), and all pertinent departmental policies and procedures.  Your symptoms, physical exam findings and radiology tests were all taken into consideration when determined whether or not your requests would be granted.  Cervical X-rays were taken on 9/9/2014.  It does show moderate degenerative disc changes.  You also have recurring dislocation of the shoulder.  The range of motion to the neck is normal however it is believed you are in early stages of arthritis to the neck.  You state the nausea has improved.  You have been offered partial treatment for your shoulder in the past by two different medical centers which you refused them both.  You have been given a 7410 chrono for a lower bunk, extra mattress, wedge pillow and waist chains for all safety and comfort.  You have Ibuprofen for the arthritis and headaches plus Methadone for more severe pain.  At this time there is no medical indication for the referral to neurology.  You are receiving treatment for issues 1-3 [nerves, shoulder, and nausea].

(Id.)

Plaintiff sought review at the third level of review and sought treatment for nerves, treatment for the screws in your right shoulder, and treatment for nausea and a feeling of chemotherapy treatment.  (Id.)  The appeal was denied, in pertinent part, as follows:

> Your appeal file and documents obtained from your Unit Health Record were reviewed by licensed clinical staff.  These records indicate:
>
> Documentation is supportive of you receiving Primary Care Provider (PCP) evaluation and treatment as determined medically indicated for your appeal issues.  You received PCP follow-up evaluation and treatment to November 24, 2014.
>
> Records indicate you are currently enrolled in the Chronic Care Program (CCP) where your medical conditions and medication needs are closely monitored.
>
> Your pharmacy profile indicates you are currently prescribed numerous medications, including methadone to address your health care concerns.
>
> You will continue to be evaluated and treatment will be provided based on your clinician's evaluation, diagnosis, and recommended treatment plan, in accordance with appropriate policies and procedures.
>
> On December 4, 2013, you filed for a writ of habeas corpus in Kings County Superior Court.
>
> The Receiver first responded to your petition, addressing your concerns regarding your right shoulder on March 6, 2014.  Therefore, the office of Third Level Appeals-Health Care will not

respond to this matter as your appeal issues are being addressed by the Kings County Superior Court.

(Id.) (emphasis omitted).

Although Defendant Dr. Wang, as Chief Medical Executive, was one of the two individuals who denied this appeal at the second level of review, it is irrelevant as whether Plaintiff exhausted the claims set forth in the first amended complaint.  With regard to Defendant Dr. Wang, in the first amended complaint, Plaintiff alleges that he visited Plaintiff while he was in the Acute Care Hospital in August and September 2012, but failed to take any measures to treat Plaintiff for the side effects. Dr. Wang "took no steps to get Plaintiff the treatment he needed and continues to need for being misappropriated medications without his consent.  Defendant Wang did not provide Plaintiff any due process throughout [the] inmate appeal."  (ECF No. 7, at 21.)

However, in this appeal, Plaintiff complained of lack of medical treatment by Doctor Aye in 2014, for his shoulder and other pain.  Thus, only focus of this appeal was on the actions or lack thereof by Doctor Aye.  Nothing in this appeal alerted prison officials to the factual basis for his claims against any of the Defendants in this action, and Defendant Wang's review of such appeal is immaterial and cannot serve to exhaust any claim against him.

7.      Appeal Log No. COR HC 15057592

Defendants argue that this appeal cannot serve to exhaust Plaintiff's claim because it was rejected at the third level of review.  However, Plaintiff argues that he was "satisfied" with the appeal's first level denial, and cites Harvey v. Jordan, 605 F.3d 681 (9th Cir. 2010) to support his argument.  (Pl. Opp'n at 8, ECF No. 59.)  In Harvey, the Ninth Circuit held that an inmate is not required to seek further levels of review if he is satisfied with a lower level's decision.  Id. at 685. Although Plaintiff's appeal was granted at the first level review in that Plaintiff was provided copies of certain documents from his medication file, the staff complaints of retaliation were not granted. Indeed, by virtue of Plaintiff's appeal to the third level of review it is clear that he was not satisfied with the second level review.  See Cleveland v. Lam, No. C 14-1369 CRB (PR), 2015 WL 628340, *4 (N.D. Cal. Feb. 12, 2015) ("… as evidenced by his continued appeals …, at no point was [the inmate] satisfied by the partial grant of his appeals at the first level of review.")  Thus, irrespective of the

content of this appeal, it was not exhausted at the third and final level of review because it was rejected for Plaintiff's failure to seek review at the second level.  An appeal that is rejected and/or cancelled does not serve to exhaust the administrative remedies.  Cal. Code Regs. tit. 15, § 3084.1(b).  Accordingly, this appeal cannot and did not serve to exhaust any claims against Defendants in this action.

>       8.      Appeal Log No. COR HC 14057160

In Appeal Log No. COR HC 14057160, Plaintiff alleged that he was having physical and mental health troubles.  Plaintiff requested medical treatment for his head, eyes, jaw, neck, stomach, shoulder, legs, and constipation.  This appeal was exhausted at the Third Level of Review.  (Decl. of R. Robinson, Ex. H.)  Plaintiff contends that he also alleged he was suffering side effects.

Plaintiff's appeal was denied at the first level as follows:

> You were interviewed on November 24, 2014, E. Clark, MD, regarding this appeal.  You were seen, evaluated, and your eUHR was reviewed.  You are requesting to have this appeal treated as an emergency and to be evaluated for these issues by a doctor.  You were medically evaluated on November 10, 2014 by Dr. Ulit.  In August of 2014 you had lab work which was normal.  You were seen at Riverside County orthopedic for your shoulder.  Fusion was recommended but you declined this treatment.  Although you have the right to refuse treatment, there is no provision under the California Code of Regulations (CCR), Title 15, which gives you the right to choose the health care provider administering care.  However, by refusing treatment you run the risk of delaying your medical treatment.
>
> **Issue 1: Denied**.  You indicated your appeal was to be considered an emergency.  Following a review of the issues, it was found not to have met the emergency criteria as described in California Code of Regulations (CCR), 3084.5(b)(2).  Your appeal was processed as a routine matter.
>
> **Issue 2:** Your request to be seen by the doctor for the above listed issues is granted in that you were medically evaluated on November 24, 2014.  At this visit you have been prescribed Dulcolax tablets, for your constipation.  You are encouraged to follow up with Dr. Ulit for any symptoms you continue to have.  Your PCP who is a board certified medical professional has prescribed you a medication and or treatment regime deemed appropriate for your medical condition.

(Id.)

In seeking relief at the second level of review, Plaintiff stated the following:

> My initial belief is that the constipation caused these symptoms because I constantly am forcing myself to have bowl movements to the point where I almost pass out from dizziness.  My head eyes neck and jaw are feeling like my nerves or something in the skin or muscle

makes those areas static like shock with irritation and pain and at times it feels as if something is driving and it causes itching.  I have no idea why my … feels this way.  But all this happened after taking Valley Fever medication.

(Id.)

The appeal was denied at the second level of review.  (Id.)  Plaintiff sought review at the third level of review stating the following:

I submitted COR SC 12001313 in 2012 addressing issues dealing with an LVN misappropriating inmate/patient medications without prescription.  I am currently experiencing p[hysical] and some sort of side effects to my jaw, eyes, head and neck and I recently have received a CDCR 403 signed by CEO Teresa Macias 4/22/13 showing she had knowledge of this action yet refused to treat me or notify doctors I need treatment.

(Id.)

Plaintiff's appeal was denied at the third level of review based on the following:

Your appeal file and documents obtained from your Unit Health Record were reviewed by licensed clinical staff.  These records indicate:

As stated in your Second Level Review, you were seen on November 24, 2014, where you were ordered a prescription of dulcolax as a stimulant for constipation caused by opiates.  You were encouraged to follow up with your PCP for your concerns regarding your head eyes, jaw and ears.

On February 11, 2015, you were seen by a Registered Nurse (RN) in response to a Health Care Services Request Form (CDC 7362) regarding complaints of head hurts, dizzy and eye ache.

The plan of care included the medication Tylenol for pain and a Request for Services (RFS) was completed for optometry referral.  You were informed to follow up if your symptoms worsened.

On March 5, 2015, you were seen and evaluated by your PCP for ear pain.  Your PCP found no neurologic deficits, dizziness resolved, right external ear infection with plan to treat with ear drops.  There is no documentation you brought up any complaints regarding head, eye, jaw, neck, stomach and leg issues.

On March 13, 2015, you were seen by a RN in response to a CDC 7362 regarding problems with your jaw and ears, headaches and blurred vision.  The plan of care included refilling the medication Tylenol, referral to the PCP for the medication loratadine for renewal to your PCP. You were informed to report any worsening symptoms.

On March 25, 2015, you were seen and evaluated by your PCP for pain on both ears.  The treatment plan was to give you Cortisporin Otic and continue to observe.  There is no

documentation you brought up any complaints regarding head, eye, jaw, neck, stomach and leg issues.

On April 3, 2015, you transferred to the California Medical Facility.

On April 6, 2015 labs were drawn.

On April 24, 2015, you transferred to the California State Prison Corcoran.

On May 20, 2015, you were seen and evaluated by your PCP regarding issues unrelated to your appeal.  There is no documentation you brought up any complaints regarding head, eye, jaw, neck, stomach and leg issues.

Your pharmacy profile shows you are prescribed baclofen and ibuprofen for your pain management.

You are advised to utilize the CDCR 7362, Health Care Services Request Form, process to access health care services, as required by department policy, for additional health care concerns.

You will continue to be evaluated and treatment will be provided based on your clinician's evaluation, diagnosis, and recommended treatment plan, in accordance with appropriate policies and procedures.

(Id.)

This appeal did not grieve any facts set forth in the first amended complaint against the Defendants in this action.  Although Plaintiff requested medical treatment, he did not identify any Defendant or allege any facts to support a claim that any Defendant in particular was denying him medical care or failed to investigate the allegations against LVN Tassey.  Accordingly, this appeal did not exhaust any claims against any Defendant in this action.

9.      Appeal Log No. COR HC 15058256

Plaintiff submitted Log No. COR HC 15058256 on March 29, 2015, in which he alleged that non-Defendants T. Macias and Nurse Grajeda retaliated against him for submitting prior inmate appeals.  Plaintiff also alleged that he was receiving inadequate medical treatment for heart problems as well as being treated inappropriately by non-Defendant psychological staff members.  (Decl. of R. Robinson, Ex. J.)  Plaintiff requested staff accountability, staff be removed, staff be fired, staff to cease complaining to custody, staff to cease disrespect and disclosure, staff to cease mentioning

litigation information, the appeal to be treated as an emergency, and to be transferred out of Corcoran State Prison.  (Id.)

The first level of review was bypassed, and at the second level of review the appeal was partially granted, in pertinent part, as follows:

> **Issue 1:** Your request for staff accountability, staff be removed, staff fired, staff to cease complaining to custody, staff to cease disrespect and disclosure, and for staff to cease mentioning litigation information is partially granted.  Staff are held accountable.  However, your appeal was reviewed and evaluated by the Hiring Authority and the issue was deemed not to meet staff complaint criteria.  During the review of the appeal there is no evidence or burden of proof of misconduct by staff or a violation of policy and procedure.  On 3/20/2015 it is noted on the refusal form you refused to be searched before your escort to be medically evaluated.  This is a security issue, and under custody's jurisdiction.  On 3/25/2015 you were seen by your provider in which it was noted there were no palpitations or chest pain.

(Id.)

Plaintiff's appeal was denied at the third and final level of review on September 14, 2015.  (Id.)

Nothing in this appeal identified Defendants or set forth sufficient factual allegations to provide prison officials notice of any alleged misconduct by Defendants as set forth in the first amended complaint.  Indeed, Plaintiff identified by name and title several individuals who are not Defendants in this action.  Accordingly, this appeal did not serve to exhaust any claim against any Defendant in this action.

10.    Appeal Log Nos. COR HC 15057861 & COR HC 15058908

Defendants argue that Appeal Log Nos. COR HC 15057861 and COR HC 15058908 cannot serve to exhaust Plaintiff's claims in the first amended complaint because a third level decision was not rendered until after the amended complaint was filed on October 30, 2015.

Although these two appeals reference the OIA investigation that is alleged in the first amended complaint, no Defendant is mentioned in the appeals themselves.  Nor is any conduct described anywhere in these appeals that could be attributed to any Defendant or would have put the prison on notice of Defendants' possible role in any alleged violation.  Accordingly, these two appeals did not serve to exhaust any claim against any Defendant in this action.

Furthermore, the undisputed evidence shows that Plaintiff's Appeal Log Nos. COR HC 15057861 and COR HC 15058908 on were denied on November 5, 2015 and February 10, 2016, respectively, which is after the first amended complaint was filed in this case.   (Decl. of R. Robinson, Exs. I, K; ECF No. 16.)[9]

In his opposition, Plaintiff references this argument but argues only that the first amended complaint was filed on October 30, 2015, and Defendants did not file an answer until almost forty-five days thereafter.  (Pl.'s Opp'n at 9:19-21.)  However, the filing of Defendants' answer to the amended complaint is irrelevant to Plaintiff's requirement to fully exhaust the administrative remedies before filing an amended complaint. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (An action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending.); see also Cano v. Taylor, 739 F.3d 1214, 1220-21 (9th Cir. 2014).  Therefore, Appeal Log Nos. COR HC 15057861 and COR HC 15058908, did not serve to exhaust any claims in the instant action because such grievances were not fully exhausted until after the filing of the amended complaint.

Based on a review of these appeals, the Court finds that Defendants have meet their initial burden of establishing non-exhaustion as to all Defendants except Garnett, and the burden now shifts to Plaintiff to come forward with evidence showing that a genuine dispute of material fact regarding exhaustion exists or that something in his particular case made the existing administrative remedies unavailable to him.  See Albino, 747 F.3d at 1172.   On summary judgment, Plaintiff is entitled to all reasonable inferences that can be drawn from the evidence, after careful review of the entire record, including Defendants' motion, Plaintiff's opposition, and Defendants' reply, there is no showing of a genuine issue of material fact of exhaustion as to Defendants Doctor Wang, Vickjord, Whitford, Lau and Flores.  Accordingly, Defendants' motion for summary judgment for failure to exhaust the administrative remedies should be granted as to Defendants Doctor Wang, Vickjord, Whitford, Lau and Flores, and denied as to Defendant Garnett.

///

---

[9] As previously stated, the first amended complaint was filed on October 30, 2015.  (ECF No. 16.)

I.      **Motions to Compel**

On August 22, 2016, and August 25, 2016, Plaintiff filed motions to compel merits-based discovery.  (ECF Nos. 56, 58.)  On September 13, 2016, the Court stayed all merits-based discovery and granted Defendants thirty days following final resolution to respond to Plaintiff's motions to compel, if necessary.  (ECF No. 65.)

Because it is recommended that Defendants' motion for summary judgment for failure to exhaust the administrative remedies be denied as to Defendant Garnett, it is recommended that only Defendant Garnett file a response to Plaintiff's motion to compel, filed August 22, 2016, within thirty days following final resolution of the instant recommendation.  Because Plaintiff's motion to compel, filed August 25, 2016, relates only to Defendant Vickjord who is subject to dismissal for failure to exhaust the administrative remedies it is recommended that the motion be denied as moot.

**III.**

**RECOMMENDATIONS**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      Defendants' motion for judgment on the pleadings be DENIED as to exhaustion of the administrative remedies and GRANTED as to dismissal of official capacity claims;

2.      Plaintiff's motion to file opposition and exhibits under seal be GRANTED as to exhibits F, G and V and DENIED in all other respects;

3.      Plaintiff's motion to hold Defendants in contempt be DENIED;

4.      Defendants' motion for summary judgment for failure to exhaust the administrative remedies be GRANTED as to Defendants Doctor Wang, Vickjord, Whitford, Lau and Flore and DENIED as to Defendant Garnett;

///
///
///
///
///
///

33

5.      Only Defendant Garnett be directed to file a response to Plaintiff's motion to compel, filed August 22, 2016 (ECF No. 56) and be DENIED as moot as to all other Defendants; and

6.      Plaintiff's motion to compel, filed August 25, 2016, be DENIED as moot as it relates to only Defendant Vickjord who is subject to dismissal for failure to exhaust the administrative remedies.

IT IS SO ORDERED.

Dated:   **February 8, 2017**

_____
                    UNITED STATES MAGISTRATE JUDGE