UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ESTRADA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TERESA MACIS, et al.,<br><br>　　　　　Defendants. | Case No.: 1:15-cv-01292-AWI-SAB (PC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS, DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS, GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DISMISSING ALL DEFENDANTS, EXCEPT DEFENDANTS GARNETT, WHITFORD, VIKJORD, AND FLORES WITHOUT PREJUDICE, DENYING PLAINTIFF'S MOTION TO HOLD DEFENDANTS IN CONTEMPT, AND GRANTING IN PART PLAINTIFF'S MOTION TO SEAL EXHIBITS F, G AND V TO OPPOSITION<br><br>[ECF Nos. 26, 55, 56, 58, 61, 67, 74] |

Plaintiff David Estrada is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  On February 9, 2017, the Magistrate Judge filed a Findings and Recommendations which was served on the parties and contained notice that objections were to be filed within thirty days.  Plaintiff filed objections on March 2, 2017.  On March 14, 2017, Defendants filed objections and a response to Plaintiff's objections.

///

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case.

Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff failed to exhaust administrative remedies by failing to name all defendants other than Defendant Garnett. Plaintiff takes the position that he was not required to name any prison staff in filing his prison grievances. The primary basis for Defendants' motion for summary judgment was that Plaintiff's grievances did not name any of the defendants or place the prison on notice of the specific misconduct by the named Defendants. ECF No. 55-3 at 6. For the reasons described below, this Court finds that Plaintiff exhausted his administrative remedies with regard to claims against (even unnamed) appellate reviewers of Plaintiff's grievances regarding LVN Tassey's allegedly then-ongoing misappropriation of medication, allegedly causing then-ongoing mental and medical harms.

As a general matter, to satisfy the PLRA exhaustion requirement, a prisoner's grievance must "alert[] the prison to the nature of the wrong … and provide sufficient information to allow prison officials to take appropriate responsive measures. Reyes v. Smith, 810 F.3d 654, 658 (9th Cir. 2016) (citation and internal quotation omitted). A prisoner grievance, appropriately brought to the third level of review and denied on the merits does not exhaust administrative remedies with regard to staff or claims unrelated to the information outlined in the grievance. That said, PLRA exhaustion does not require a prisoner who grieves regarding an ongoing medical deprivation to name in his grievance all of the prison officials ultimately named as defendants in relation to that wrong so long as he gives prison sufficient information to facilitate resolution of the alleged wrong. Reyes, 810 F.3d at 658; Franklin v. Foulk, 2017 WL 784894, *5 (E.D. Cal. Mar. 1, 2017); see Jones v. Bock, 549 U.S. 199, 219 (2007) (The grievance process is only required to "alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued."); McCain v. Peters, --- Fed.Appx. ----, 2017 WL 711080, *1 (9th Cir. Feb. 23, 2017) ("[F]ailure to include a particular legal theory or failure to identify each named defendant in … grievances is not a valid basis for concluding that [a prisoner] did not exhaust administrative remedies.") In other words, "a decision at the third level of appeal" exhausts all claims regarding the alleged constitutional violation (e.g. claims of ongoing denial of necessary medical care) with regard to all prison officials named in the first level petition and

all administrative reviewers. Franklin, 2017 WL 784894 at *5; Garbarini v. Ulit, 2017 WL 531911, *3 (E.D. Cal. Feb. 9, 2017)( (citing Ingram v. Hamkar, No. 2:13-cv-2567 GEB KJN P, 2015 WL 410935, *7 (E.D. Jan. 30, 2015); Gonzalez v. Ahmed, 67 F.Supp.3d 1145, 1153-54 (N.D. Cal. 2014); Lopez v. Florez, No. 1:08-cv-01975 LJO JLT (PC), 2012 WL 3778858, *4 (E.D. Aug. 31, 2012); Victory v. Barber, No. 1:05-cv-01578 LJO DLB (PC), 2009 WL 2986418, *7 (E.D. Cal. Sept. 16, 2009); Lewis v. Naku, No. CIV S-07-0090 RRB DAD P, 2007 WL 3046013, *5 (E.D. Oct. 18, 2007)).

Dr. Wang reviewed a second level appeal regarding appeal log number COR HC 14056477, indicating Plaintiff "continue[s] to suffer from problems with [his] eyes, headaches, itchy scalp, sinus, jaw, teeth … neck and throat," resulting in muscle spasms, pain, and vertigo. ECF No. 55-8 at 10. In that appeal Plaintiff requested treatment for those symptoms (and that the doctor who allegedly provided inadequate treatment, Dr. Aye, be disciplined). That grievance appears entirely unrelated to Plaintiff's claim that LVN Tassey purposely gave Plaintiff medications that were not prescribed to him. As a result, the Magistrate Judge correctly determined that Dr. Wang's review of an unrelated administrative grievance did not satisfy the PLRA exhaustion requirement at to Dr. Wang with regard to the misappropriation of medication allegations, and harm resulting therefrom, at issue in this action.

In appeal log no. COR SC 12001313, Plaintiff grieved (among other things) regarding LVN Tassey providing Plaintiff with medication that was not prescribed to him that caused "a serious mental breakdown"; he noted that the conduct was "ongoing" ECF No. 55-6 at 41. None of the named defendants were named in that appeal. The appeal appears to have been split—it was processed by the office of internal affairs and it continued through the inmate appeals system. It appears that at the office of internal affairs level, Defendants Whitford, Vikjord, and Flores participated in investigation of the staff complaint.[1] Plaintiff alleges that none of those defendants took any action to prevent LVN Tassey from giving Plaintiff medication not prescribed to him, even though each allegedly had the

---

[1] Defendant Vikjord was the correctional officer "assigned to the investigative services unit and was responsible for investigating Plaintiff's complaints and allegations of staff misconduct." Doc. 74 at 13.
Defendant Whitford "interviewed Plaintiff regarding the allegations of staff misconduct in general. Plaintiff advised Whitford that he was given medications in excessive of what was prescribed and in crushed and mixed form which caused him injuries." Doc. 74 at 13.
Defendant Flores "was assigned to investigate Plaintiff's allegations regarding his medication." Doc. 74 at 12.

3

authority to do so and was aware of LVN Tassey's misconduct. The Magistrate Judge noted that participation in the office of internal affairs investigation is insufficient to exhaust administrative remedies. ECF No. 74 at 21. Although true, this appeal was exhausted at the Third Level of Review. All those who directly reviewed Plaintiff's administrative appeal alleging ongoing constitutional violation may be appropriately named as defendants. See Franklin, 2017 WL 784894 at *5; Garbarini, 2017 WL 531911 at *3. The rationale for that rule is that the appellate examiners have the ability to end the ongoing constitutional violation alleged by the prisoner in the grievance; by not doing so the appellate reviewer may act in deliberate indifference to the continuation of the constitutional violation. See Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006) (Prison administrators are "liable for deliberate indifference when they knowingly fail to respond to an inmate's requests for help."); Gonzalez v. Ahmed, 67 F.Supp.3d 1145, 1155-1156 (N.D. Cal. 2014) (An appellate reviewer's "knowing failure to address" claims of "extreme pain" and other severe symptoms constitutes deliberate indifference to a serious medical need.)

Defendants Whitford, Vikjord, and Flores were the officers from the internal affairs office assigned to investigate the allegations contained in Plaintiff's staff complaint. A failure to name those charged with reviewing the allegations of an ongoing constitutional violation set forth in a prisoner grievance is not a valid basis to find a failure to exhaust. McCain, 2017 WL 711080, *1; Franklin, 2017 WL 784894 at *5.[2] Defendants' argument that Plaintiff failed to exhaust because he did not

---

[2] Defendant have provided the Court with no reason to treat a reviewer with the office of internal affairs any differently than a standard prisoner grievance appellate reviewer for purposes of determining potential Eighth Amendment deliberate indifference liability. Defendants' argument was simply, "Log No. COR SC 12001313 is silent about Defendants." Doc. 72 at 3. Indeed it is. But it spurred the investigation by Defendants Whitford, Vikjord, and Flores into LVN Tassey's allegedly then-ongoing misconduct. The scope of that investigation is unclear.
For the sake of clarity, the Court does not decide whether the conduct of Defendants Whitford, Vikjord, or Flores as part of the office of internal affairs investigation (namely, failing to prevent LVN Tassey from giving non-prescribed medication to Plaintiff) is appropriately exhausted by a prisoner grievance in the same way that it would exhaust conduct by an administrative reviewer. The Court only addresses the issue argued by Defendants—that Plaintiff failed to exhaust because he failed to name Defendants in his prisoner grievance.
If Defendants believe that there is an alternate basis for summary judgment, they may request permission to file a second motion, see Hoffman v. Tonnemacher, 593 F.3d 908, 911 (9th Cir. 2011), within fourteen days of the issuance of this order. Consistent with Rule 11, Defendants should only file a second motion for summary judgment if they have a good faith belief that their legal contentions

name Defendants Whitford, Vikjord, and Flores in his claim that LVN Tassey misappropriated medication is rejected. Plaintiff is not required to name reviewer defendants in order to exhaust claims against them. At this stage, it appears that Plaintiff "alert[ed] the prison to a problem" and gave the prison an opportunity to "facilitate its resolution" by preventing LVN Tassey from improperly medicating Plaintiff. Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). For that reason, Defendants' motion for summary judgment will be denied as to defendants Whitford, Vikjord, and Flores.

In Defendants' objections, Defendant Garnett argues that she is only briefly mentioned in Appeal Log No. COR SC 13001467 and such appeal did not serve to exhaust the claim against her. The Court does not agree.  In this instance, the Court finds that Appeal Log No. COR SC 13001467 was sufficient to exhaust the claims against Defendant Garnett who reviewed and denied Plaintiff's appeal at the second level of review which included the factual allegations that Plaintiff's medications were being inappropriately handled based on conduct by Gonzalez and Tassey. Again, case law within the Ninth Circuit provides that when a prisoner grieves an ongoing medical issue, a decision at the third level of appeal serves to exhaust claims regarding the medical issue, including claims against individuals who only acted as administrative appellate reviewers. The Magistrate Judge is correct that Defendant Garnett is one such reviewer.

Having carefully reviewed the entire file, the Court finds the remainder of the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1.      The Findings and Recommendations, filed on February 9, 2017, are adopted in part;

Defendants' motion for judgment on the pleadings is DENIED as to exhaustion of the administrative remedies and GRANTED as to dismissal of official capacity claims;

2.      Plaintiff's motion to file opposition and exhibits under seal is GRANTED as to exhibits F, G and V and DENIED in all other respects;

---

are warranted by existing law or a non-frivolous argument for extension or modification of the law. The Court does not opine on the success of any such motion.

3. The Clerk of Court is directed to file under seal exhibits F, G and V attached to Plaintiff's opposition;

4. Plaintiff's motion to hold Defendants in contempt is DENIED;

5. Defendants' motion for summary judgment for failure to exhaust the administrative remedies is GRANTED as to Defendants Doctor Wang and Lau and DENIED as to Defendants Garnett, Flores, Vikjord, and Whitford;

6. Plaintiff's motion to compel, filed August 22, 2016 (ECF No. 56), is DENIED as moot as to all Defendants, except Defendant Garnett, Flores, Vikjord, and Whitford;

7. Within thirty days from the date of service of this order, Defendant Garnett shall file a response to Plaintiff's motion to compel, filed August 22, 2016 (ECF No. 56); and

8. Within thirty days from the date of service of this order, Defendant Garnett shall file a response to Plaintiff's motion to compel, filed August 25, 2016 (ECF No. 58).

IT IS SO ORDERED.

Dated:   March 28, 2017                      _____
                                                             SENIOR DISTRICT JUDGE