# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ESTRADA,<br><br>    Plaintiff,<br><br>    v.<br><br>TERESA MACIS, et al.,<br><br>    Defendants. | Case No.: 1:15-cv-01292-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER<br><br>]ECF No. 92] |

Plaintiff David Estrada is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 8, 2017, Plaintiff filed a motion for a protective order. Plaintiff requests a court order under Federal Rule of Civil Procedure 26(c)(1), (2), to prevent certain documents from being destroyed, deleted, shredded or misplaced.

Rule 26(c) of the Federal Rules of Civil Procedure provides in pertinent part, "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending… The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" Fed. R. Civ. P. 26(c)(1).

Plaintiff's request to seek a protective order to preserve certain evidence from destruction is not sufficient under Rule 26(c). Plaintiff's motion is essentially a request to preserve evidence. Plaintiff is advised that "[f]ederal courts have the implied or inherent power to issue preservation

1

orders as part of their general authority 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" American LegalNet, Inc. v. Davis, 673 F.Supp.2d 1063, 1071 (C.D. Cal. 2009) (quoting Pueblo of Laguna v. United States, 60 Fed. Cl. 133, 135-36 (2004)). Plaintiff's motion is not premised on any showing that relevant and existing evidence is in danger of being destroyed, but on general request to preserve any potential evidence. Plaintiff has not shown that a preservation order is needed due to any actual risk that specific evidence will be lost or destroyed during the pendency of this action. Generalized, unsupported concerns simply to not suffice. American LegalNet, Inc., 673 F.Supp.2d at 1072. Furthermore, Defendants have a duty to preserve evidence. "A party's destruction of evidence qualifies as willful spoliation if the party has some notice that the documents were potentially relevant to the litigation before they were destroyed." Leon v. IDX Systems Corp., 464 F.3d 951, 959 (9th Cir. 2006). Discovery in this action is ongoing and the discovery deadline is currently set for August 25, 2017. To the extent there is a dispute over whether certain evidence exists and/or should be disclosed, the proper procedural mechanism is to file a motion to compel. Accordingly, Plaintiff's motion for a protective order is denied.

IT IS SO ORDERED.

Dated: **May 30, 2017**

_____
UNITED STATES MAGISTRATE JUDGE