**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

DAVID ESTRADA,

            Plaintiff,

      v.

TERESA MACIS, et al.,

            Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 1:15-cv-01292-AWI-SAB (PC)

ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM

[ECF No. 98]

Plaintiff David Estrada is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding against Defendants Garnett, Flores, Vikjord and Whitford for deliberate indifference to a serious medical need.

On June 7, 2017, Plaintiff filed a motion for the issuance of a subpoena duces tecum to be served on third-party Derrell Stevenson commanding the production of documentation he may hve received from the California Department of Corrections and Rehabilitation relating to an investigation of Licensed Vocational Nurse Tassey.[1]

This case is currently in the discovery phase and the deadline for the completion of all discovery is set for August 25, 2017. Subject to certain requirements, Plaintiff is entitled to the

---

[1] Because Plaintiff lacks entitlement to the subpoena duces tecum and there is no prejudice to Defendants, the Court elects to resolve the motion without waiting for Defendants to file a response. Local Rule 230(*l*).

issuance of a subpoena commanding the production of documents, electronically stored information, and/or tangible things from a nonparty, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal, 28 U.S.C. 1915(d).  However, the Court will consider granting such a request only if the documents or items sought from the nonparty are not equally available to Plaintiff and are not obtainable from Defendants through a request for the production of documents, electronically stored information, and/or tangible things.  Fed. R. Civ. P. 34.  If Defendants object to Plaintiff's discovery request, a motion to compel is the next required step.  If the Court rules that the documents, electronically stored information, and/or tangible things are discoverable but Defendants do not have care, custody, and control of them, Plaintiff may then seek a subpoena.  Fed. R. Civ. P. 26(b), 34(a)(1). Alternatively, if the Court rules that the documents or items are not discoverable, the inquiry ends. Fed. R. Civ. P. 26(b).

In this instance, Plaintiff has not demonstrated that he sought the documentation from Defendants through a request for the production of documents, electronically stored information, and/or tangible things, and, if he has done so, he has not filed a motion to compel the production of such documentation.  Therefore, Plaintiff's motion for the issuance of a subpoena duces tecum is HEREBY DENIED as premature, without prejudice to renewal if necessary.

IT IS SO ORDERED.

Dated:  __**June 9, 2017**__

_____
UNITED STATES MAGISTRATE JUDGE

2