# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ESTRADA,<br><br>  Plaintiff,<br><br> v.<br><br>TERESA MACIS, et al.,<br><br>  Defendants. | Case No.: 1:15-cv-01292-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S FIRST MOTION TO COMPEL, FILED AUGUST 2, 2017<br><br>[ECF No. 114] |

Plaintiff David Estrada is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first motion to compel, filed August 2, 2017. Defendants filed a timely opposition on August 30, 2017.

**I.**

**DISCUSSION**

**A.  Legal Standard**

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 34, Discovery and Scheduling Order, ¶4. Further, where

otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV

S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

**B.     Motion to Compel**

Plaintiff seeks to compel Defendant Flores to provide additional responsive documentation to his requests for production, set four (erroneously labeled as set five).

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1) (quotation marks omitted). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and

exercised due diligence, Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010). If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. Ochotorena v. Adams, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010).

In the first amended complaint, Plaintiff alleges that Defendant Flores, a special agent for the California Department of Corrections and Rehabilitation's (CDCR) Office of Internal Affairs (OIA), conducted an investigation in 2012 regarding Plaintiff's complaints about licensed vocational nurse (LVN) D. Tassey misappropriating his medications. (FAC, ECF No. 16 at 8-9, 21.) Plaintiff contends Defendant Flores promised Plaintiff that she would look into Plaintiff being transferred out of the prison and away from LVN Tassey. (Id.) However, Plaintiff was never transferred and contends Flores conducted an incompetent investigation resulting in deliberate indifference to his serious medical needs. (Id.)

Defendants submits that during discovery she admitted that on or around January 12, 2012, she was assigned to conduct a criminal investigation into LVN Tassey and other correctional staff to determine whether or not they were smuggling contraband into the prison. (Decl. of E. Rhoan (Rhoan Decl.) Ex. A.) The OIA criminal investigation concluded on April 16, 2012, for lack of evidence. (Id.)

1. Request for Production Number 1

**Request Number 1:** Produce all documents, electronically stored information, e-mails, correspondence, collected, referenced, shared and or relayed in any format, including memorandums, chrono's, reports, which have been inquired on, investigated, assessed, and or compiled on or against this plaintiff, David Estrada, and his involvement in the investigation of LVN Delorise Tassey, amongst all CDCR staff for the years 2015-2017.

**Response:** Defendant Flores objects to this request on the grounds that it potentially seeks information that is deemed confidential under California Code of Regulations, Title 15, section 3321, the disclosure of which could: (1) endanger the safety of other inmates and staff of the CDCR, or (2)

4

jeopardize the security of the institution. Additionally, the production of confidential information is improper on the grounds that an inmate shall not have access to information designated confidential. Cal. Code Regs. tit. 15, ¶ 3370(d).

Without waiving these objections, Defendant Flores responds that she does not have any responsive documents within her possession, custody, or control, that pertain to any Office of Internal Affairs investigation that was conducted into Licensed Vocational Nurse D. Tassey between 2015 and 2017.

**Ruling:** Plaintiff's motion to compel must be denied. Plaintiff's claim against Defendant Flores is based on her alleged failure to conduct a competent criminal OIA investigation into LVN D. Tassey in 2012. (FAC at 8-9, 21.) The criminal investigation ended on April 16, 2012. (Rhoan Decl., Ex. A.) Defendant Flores response was not evasive, given the broad request by Plaintiff. Defendant Flores stated that she does not have additional records for the years 2015 to 2017 regarding "the investigation" within her possession, custody, or control because none exist. Plaintiff cannot seek to compel documents that do not exist. Absent evidence to the contrary, not present here, Plaintiff is required to accept defendant's representation that such documentation either does not exist or cannot be located, and Defendant cannot be compelled to provide copies of documents that do not exist. Further, Plaintiff has failed to demonstrate the relevance of his discovery requests. Plaintiff merely states that he needs these documents to "litigate this civil action," and without them, his ability to do so is "severely hinder[ed]." (Pl.'s MTC, ECF No. 114 at 1-2.) However, Plaintiff's vague and conclusory allegations do not provide a basis to warrant a motion to compel. See Valenzuela v. City of Calexico, No. 14-cv-481-BAS-PCL, 2015 WL 2184304, at *3 (S.D. Cal. May 11, 2015). In addition, the Court cannot ascertain the relevancy of such documentation because it concerns an alleged investigation that took place well after the incident at issue in this case. Accordingly, Plaintiff's motion to compel a further response to request for production number one is denied.

2. <u>Request for Production Number 2</u>

**Request Number 2:** Produce the names and corresponding dates of those CDCR staff members who have requested to review this plaintiff's confidential file(s) at CSP-Corcoran and Pelican Bay State Prison (PBSP) for the years 2016 and 2017.

5

**Response:** Defendant Flores objects to this request on the grounds that it is vague and ambiguous, overbroad as to time, calls for speculation, seeks information that is not relevant to any party's claims or defenses, and seeks information that is not proportionate to the needs of this case.

Defendant Flores also objects to this request on the grounds that it potentially seeks information that is deemed confidential under California Code of Regulations, title 15, § 3321, the disclosure of which could: (1) endanger the safety of other inmates and staff of the CDCR, or (2) jeopardize the security of the institution. Additionally, the production of confidential information is improper on the grounds that an inmate shall not have access to information designated confidential. Cal. Code Regs. tit. 15, § 3370(d).

Without waiving these objections, Defendant Flores responds that she does not have any responsive documents within her possession, custody, or control, pertaining to which CDCR staff members who may or may not have reviewed Plaintiff's Central File while he was at California State Prison, Corcoran, or Pelican Bay State Prison, between 2016 and 2017.

**Ruling:** Plaintiff's motion to compel must be denied. Defendant Flores responded that she had no relevant documents in her possession, custody, or control. Further, Defendant correctly objected on the ground of the request being vague and overbroad making it difficult to ascertain the documents that Plaintiff sought to receive. Notwithstanding the objections, Defendant responded that she did not possess such documentation. In seeking to compel a further response, Plaintiff merely contends that Defendant Flores failed to produce relevant documents. However, Plaintiff's conclusory contention does not identify the relevant of such documentation in order to meet his burden to compel a further response. Accordingly, Plaintiff's motion to compel is denied.

3. <u>Request for Production Number 3</u>

**Request for Production Number 3:** "Produce all electronically stored information (Fed. R. Civ. Proc. 34(a)(1).) memorandums, chronos, reports, inquiries, stored on any CDCR database(s). [sic] That references or alleges any familiarity or over-familiarity between this plaintiff and <u>any</u> staff member, all names of these staff are also requested in their entirety"

**Response:** Defendant Flores objects to this request on the grounds that it is vague and ambiguous, overbroad as to time, calls for speculation, seeks information that is not relevant to any

6

party's claims or defenses, and seeks information that is not proportionate to the needs of this case. Defendant Flores further objects to this request on the ground that it is unduly burdensome because it requires Defendant Flores to somehow locate, identify, and review an unknown and potentially unlimited scope of years' worth of confidential documentation regarding any number of CDCR staff that may or may not have been over-familiar with Plaintiff.

Defendant Flores also objects to this request on the grounds that it potentially seeks information that is deemed confidential under California Code of Regulations, Title 15, section 3321, the disclosure of which could: (1) endanger the safety of other inmates and staff of the CDCR, or (2) jeopardize the security of the institution. Additionally, the production of confidential information is improper on the grounds that an inmate shall not have access to information designated confidential. Cal. Code Regs. tit. 15, § 3370(d). Defendant Flores further objects on the grounds that this request potentially seeks private information belonging to third-party CDCR staff members, whose right to privacy cannot be waived by Defendant Flores. Cal. Civ. Code § 1798.24.

Without waiving these objections, Defendant Flores responds that she does not have any responsive documents within her possession, custody, or control, that pertain to CDCR staff members who may or may not have interviewed Plaintiff while he was at California State Prison, Corcoran, or Pelican Bay State Prison between 2016 and 2017.

**Ruling:** Plaintiff's motion to compel must be denied. Plaintiff contends that these documents are relevant because they may disprove "allegations" that Plaintiff was over-familiar with staff and will also show how "investigations" are conducted at CDCR, including whether these investigations demonstrate indifference towards inmates. (Pl.'s MTC, ECF No. 114 at 3.) First, the Court fails to ascertain the relevancy of Plaintiff's request, as his claim against Defendant Flores does not involve an allegation that he was over-familiar with her. (FAC, ECF No. 16 at 8-9, 21.) Nor was Defendant Flores investigating whether Plaintiff was being over-familiar with CDCR staff. (Id.; Rhoan Decl. Ex. A.) Plaintiff fails to demonstrate how any allegation of over-familiarity is relevant to Defendant Flores' criminal OIA investigation in 2012. Furthermore, Plaintiff's request is unduly burdensome because it would require Defendant Flores to locate, identify, and review an unknown and potentially unlimited scope of years' worth of confidential documentation regarding any of CDCR staff that may

7

or may not have been over-familiar with Plaintiff. In addition, Plaintiff's request seeks information regarding third-party CDCR staff members which may involve confidential information that is protected. Although Plaintiff contends that the unknown staff members' names would not be private because they are "collected through normal business records and investigations," Plaintiff fails to identify any "normal business records" or how these "investigations" would not be considered confidential. Accordingly, Plaintiff's motion to compel must be denied.

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to compel is denied in its entirety.

IT IS SO ORDERED.

Dated: **September 19, 2017**

UNITED STATES MAGISTRATE JUDGE