UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ESTRADA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TERESA MACIS, et al.,<br><br>　　　　Defendants. | Case No.: 1:15-cv-01292-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION IN LIMINE<br><br>[ECF No. 134] |

Plaintiff David Estrada is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On September 20, 2017, Plaintiff filed a motion in limine pursuant to Federal Rule of Civil Procedure 26(c)(1)(D). Plaintiff's motion is construed as a motion for a protective order under Rule 26(c).

Under Federal Rule of Civil Procedure 26(c)(1)(D), the Court may for good cause, issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one … "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters…." Fed. R. Civ. P. 26(c)(1)(D). To prevail on a motion for protective order, the party seeking the protection has the burden to demonstrate "particular and specific demonstration[s] of fact, as distinguished from conclusory statements…." See Munoz v. PHH Corp., No. 1:08-cv-00759-DAD-BAM, 2016 WL 590536 (E.D. Cal. Feb. 11, 2016).

Plaintiff merely contends that Defendants produced an audio digital versatile disc (dvd) and transcript which does not identify a person at the beginning or conclusion and Plaintiff cannot determine who is speaking on the audio recording. Plaintiff requests that the Court issue an order barring Defendants from using any portion of the recording or transcript at his deposition. Plaintiff's statement is not a "particular and specific demonstration" and is therefore insufficient to carry his burden of establishing a specific prejudice. Accordingly, there is no basis to issue a protective order against the use of the audio recording or the taking of Plaintiff's deposition.

IT IS SO ORDERED.

Dated:   **September 21, 2017**

UNITED STATES MAGISTRATE JUDGE